### JOHN BOND *v.* ALEXANDER H. BOND.

If, in the case of proceedings supplemental to execution, an order be made appointing a receiver and directing a certain person to deliver a bond alleged to belong to the execution debtor to the receiver, he is *prima facie* guilty of a contempt of Court if he hand the bond to an attorney for collection instead of delivering it to the receiver, though he may be discharged upon swearing that he only intended for a certain purpose to get a judgment and not to collect the money, and that thereby he had not *intended* any contempt of the Court, but his discharge should be granted on his paying the costs.

*Ex parte* Moore, 63 N. C. Rep. 397, cited and approved.

This was a RULE upon the defendant to show cause why an attachment as for contempt should not issue against him, heard by *Watts, J.,* at CHOWAN Superior Court, Spring Term, 1873.

The cause was heard upon affidavits of plaintiff's counsel and the defendant's answer, and by his Honor it was ordered that the rule be discharged upon defendant paying the costs. From this judgment the defendant prayed an appeal. The facts are sufficiently stated in the opinion of the Court.

*Gilliam & Pruden,* for the defendant.
*A. M. Moore* and *John A. Moore,* for the plaintiff.

READE, J. In November, 1870, in a suit of *Norfleet* v. *John Bond,* a receiver was appointed to take charge of certain effects of John Bond, which was alleged to be in the hands of others, among which effects was a bond in the hands of defendant, Alex. H. Bond. And said Alex. H. Bond had notice of the appointment of the receiver, and was forbidden to interfere in any way with the effects. Instead of delivering over the bond to the reciever, he put it into the hands of an attorney, who at Spring Term, 1871, brought suit on it and obtained judgment at Fall Term, 1871, and sued out execution. An order was then made for him to

7

show cause why he should not be attached for contempt.
Upon the return of the rule he alleged that he had not vio-
lated the order, that he was not obliged to deliver the bond
to the receiver, that he had bought it for value, and had
put it in suit only to secure it, and with no purpose to col-
lect it, and that in anything that he had done he had not
*intended* any contempt of the Court.

Upon this state of facts the defendant was clearly in con-
tempt, and it was within the power of the Court to punish
him with fine and cost.    There was abundant cause *prima
facie* to make the rule.   In consideration, however, that the
defendant purged himself of any intentional disobedience
to the order of the Court, the Court in its discretion ordered
the rule to be discharged upon the payment of costs.   This
is the least that could have been done.   Cost had been in-
curred by reason of at least the apparent fault of the defen-
dant, and he was *excused* upon payment of that cost.

See *ex parte* Moore, 63 N. C. Rep. 397.

No error.

PER CURIAM.                               Judgment affirmed.