In the matter of J. M. DAVES.

*Practice—Contempt—Appeal.*

1. Where it appears from an examination under supplementary proceedings that the judgment debtor holds a claim against a third party, to be discharged by the delivery of corn at a stipulated price per bushel, it is error for the court to order such third person to deliver to the creditor a sufficient quantity of the corn, at the agreed price, to satisfy the debt. The proper order is to sell the corn and apply the proceeds to the debt.

2. It is incumbent upon the judgment creditor, claiming under such erroneous order, to demand the corn in a reasonable time, and if he fail to do so, and in the interval the judgment defendant get judgment against his debtor and take the corn in satisfaction, the latter is not guilty of a contempt of court in consenting to the seizure.

3. An appeal does not lie from a judgment imposing a penalty for a contempt committed in the presence of the court, or so near as to interfere with its business, but the lawfulness of the power exercised is a proper subject for review in cases where the right to punish depends upon a " wilful disobedience " of "any process or order lawfully issued." Bat. Rev., ch. 24, § 1, (4).

4. A rule to show cause why a party should not be attached for contempt in disregarding the order of a court, should not be granted on mere

In re DAVES.

motion, but should be based on the affidavit of the party moving the attachment, or other satisfactory evidence.

(*State* v. *Mott*, 4 Jones, 449; *Bond* v. *Bond*, 69 N. C., 97, cited and approved.)

PROCEEDING for Contempt, heard on appeal at Spring Term, 1879, of MACON Superior Court, before *Gudger, J.*

This proceeding was commenced before the clerk, under section 266 of the code, in an action wherein W. A. Cabe was plaintiff, and W. A. Patton defendant. His Honor affirmed the ruling of the clerk that the answer to the rule upon the facts set out in the opinion was insufficient, and that a fine of fifty dollars be imposed, and Daves appealed.

*Messrs. A. T. & T. F. Davidson,* for the appellant:

The answer to the rule was sufficient. *Shuler* v. *Bryson*, 65 N. C., 201. And the rule should have been discharged. *In re Moore*, 63 N. C., 397; *Bond* v. *Bond*, 69 N. C., 97.

*Messrs. Reade, Busbee & Busbee, contra :*

Appeal should be dismissed. *Biggs Ex Parte*, 64 N. C., 202. Appellant was guilty of contempt, and was properly fined. Acts 1868–'69, ch. 177, § 1; *Bond* v. *Bond*, 69 N. C., 97. Did not purge himself before the court before which he was in contempt.

SMITH, C. J. The plaintiff's execution being returned unsatisfied, he made affidavit that one James M. Daves was indebted to the judgment debtor in a sum exceeding ten dollars, and obtained an order from the court requiring him to appear and answer the same. On the 21st day of November, 1877, Daves appeared according to the summons and put in his answer on oath, admitting his indebtedness to the defendant, Patton, in the amount of twenty-four dollars, to be paid in corn at the price of fifty cents per bushel, during the fall or when gathered and shucked. The court thereupon adjudged that the said Daves pay the plaintiff

thirty-one and three-fourth bushels of corn, according to his contract with the judgment debtor.

On the 27th day of March, 1879, the court, at the instance of the plaintiff, and so far as the case discloses without evidence from his affidavit or otherwise of disobedience of the order, issued a citation requiring the said Daves to appear and show cause why he should not be attached for contempt. In answer to the rule he stated that soon after the order was made he sent as many as three messages to the plaintiff to come and get the corn, and the plaintiff failed to do so, and that Patton, the defendant, had recovered the judgment against him on the contract, and had come and been paid in full in the corn. There was no other evidence before the court, and it was adjudged that the answer did not purge the contempt, and that Daves pay a fine of fifty dollars. From this judgment he appealed.

The order requiring the delivery to the plaintiff of a specific quantity of corn, at the stipulated price equal to the debt, in satisfaction, was not warranted by the facts contained in Daves' answer. The plaintiff was entitled to be paid out of the corn, and by a sale of so much of it as was necessary for the purpose, and no more. He could not claim the benefits of a good contract made by his debtor, nor is he liable for losses consequent upon a bad one. The corn should have been sold and the proceeds applied to the debt, and Daves should have been directed to deliver to a receiver or other appointee of the court, so much of the corn as upon such sale would suffice to pay the same. But as both contracting parties were before the court, and neither makes objection to the form of the order, we notice the matter to rebut any inference of approval.

From the examination of the record the following facts appear:

1. No proper ground is laid by affidavit or otherwise to support the plaintiff's application for the rule to show cause,

and it improvidently issues without any written suggestion that the order has been disobeyed.

2. The statements contained in the appellant's answer are not controverted, modified or explained by any counter-evidence from the plaintiff.

3. The appellant was prepared and willing to deliver the corn to the plaintiff, and so informed him by repeated messages which were disregarded.

4. The corn was afterwards taken and removed by the defendant under a judgment recovered by him for the full amount due under the contract.

5. After the gathering of the crop designated in the contract and that of the succeeding year, this proceeding is instituted and it does not appear that meanwhile the plaintiff has made any demand for delivery.

The law of contempts is now regulated by the act of April 10th, 1869, and among the enumerated acts which may be punished for contempt is "wilful disobedience of any process or order lawfully issued by any court." Bat. Rev., ch. 24, § 1, (4).

The facts in the present case, aside from the irregularities noticed, do not in our opinion constitute a case of "wilful disobedience" within the meaning of the law. The article to be delivered was of a perishable nature, and it was the duty of the plaintiff in a reasonable time to apply for and remove it, and the appellant to retain possession until this was done. No such application seems to have been made, and the loss must be ascribed to the plaintiff's own neglect, and upon him it must rest.

The plaintiff insists that an appeal does not lie from a judgment imposing a penalty for contempt. This is true as to that class of contempts which are committed in the presence of the court, or so near as to interfere with its business and the reasons for which are justly set out by NASH, C. J., in the opinion in *State* v. *Mott*, 4 Jones, 449. But in cases

like the present where the right to punish depends upon a "wilful disobedience" of "any process or order lawfully issued," the lawfulness of the power exercised is a proper subject of review in this court, as is held in *Bond* v. *Bond,* 69 N. C., 97.

It must, therefore, be declared that there is error in the record and the judgment against the appellant is reversed and it is so ordered.

Error.                                Reversed.