ELIZABETH KRON et als. v. M. A. SMITH et als.

*Contempt—Amendment—Costs.*

1. Where in an action to recover land, the complaint alleged and the answer admitted that the defendant was in possession of the entire tract, but in fact the plaintiff was in possession of a portion of it, and upon a motion for a receiver, the defendant was allowed to retain possession of the entire tract upon filing a bond, which was done; *It was held*, that in a proceeding to attach the plaintiff for a contempt for trespasses on that portion of which he was in possession when the order was made, it was not error to allow the order appointing the receiver to be so modified as to only embrace the land actually occupied by the defendant.

2. In such case the defendant cannot complain that the costs of the contempt proceedings are divided between the parties.

3. Where disobedience to an order of the Court is plainly not wilful, a disavowal of any intent to disobey will purge the contempt.

(*Bond* v. *Bond*, 69 N. C., 97; cited and approved).

MOTION to attach the plaintiffs for contempt, heard by *Avery, Judge,* at Spring Term, 1886, of UNION Superior Court.

In the month of August, 1882, the plaintiffs sued out a summons against the defendants, in an action to recover a tract of land of one hundred acres, whereon was a flour and corn mill, in possession of and operated by the defendants. Before the return Term, the plaintiffs applied for, and the motion having been continued, in December, obtained an order for the appointment of a receiver, who was invested with full authority as such, but was directed that if the defendants would give bond, with sureties to be approved by the clerk, to secure the payment of the annual rents and profits to the receiver, and meanwhile to keep the premises in repair, nor commit or permit to be committed waste thereon, then and in that case, the receiver was to allow defendants to keep possession of said property.

The receiver did not himself take possession of the land and mill, but allowed them to remain with the defendant Melissa, the other defendant being her tenant, on her giving the required security for an annual accounting of profits to the receiver under the order.

Subsequently the defendants moved for an attachment against the plaintiffs and others for contempt in disobeying the order, and trespassing upon the lands in dispute, on the hearing of which, and the counter-motion from plaintiffs to dismiss, the Court finds the following facts:

When the action was brought the plaintiffs were in actual possession of the portion of the Ashmore tract of land described in the complaint, on which the trespass by Dock Kron, A. Bruton and Silas Bruton, at the instance of plaintiffs, is alleged to have been committed, in defiance of the order of the Court giving the possession to the receiver, and the said plaintiffs have been continuously in possession of said portion of the tract described in the complaint up to the present time, and for ten years past, and have cultivated it, knowing it to be a part of said Ashmore tract. The counsel for the defendant and for the receiver insists, that

the order appointing the receiver applies to the whole Ashmore tract, as well as the portion in the actual possession of the plaintiffs when the action was brought, and now in the possession of said Dock Kron and A. and Silas Bruton as tenants of plaintiffs, as the portion of said tract then and now in the actual possession of the defendant.

Upon the foregoing facts it is ordered and adjudged by the Court:

1. That the order appointing a receiver be so modified and amended as to place in the custody of said receiver and the defendant receiving rents under him by permission of the Court, only such portion of the Ashmore tract, described in the complaint, as was in the possession of the defendant when the action was brought, and that the plaintiff be allowed to amend the complaint by alleging that the defendant is in possession, wrongfully withholding possession of a part of said tract described in the complaint, instead of the whole of said tract.

2. That the motion to attach the plaintiffs, A. and E. Kron, and the said Dock Kron, A. Bruton and Silas Bruton for contempt be refused.

3. That each of the parties to the action pay one half of the costs accruing by reason of and incident to the motion to attach for contempt.

From this judgment the defendants appealed.

*Messrs. W. P. Bynum* and *J. J. Vann*, for the plaintiffs.
*Messrs. P. D. Walker* and *D. A. Covington*, for the defendants.

SMITH, C. J., (after stating the facts).    While it is true the complaint avers and the answer admits, in general terms, that the defendants were in possession of the entire tract, it is quite obvious the relief sought and meant to be given in the order of appointment was against the loss of what prof-

its would come into the hands of the defendants from their use and occupation. This is apparent from the provision, that upon giving the required security, the defendants were not to be disturbed, but allowed " to keep possession of said property." To avoid a literal interpretation of the terms of the order, and to put it in a form to give effect to the intention of the parties and of the Court, it was eminently proper to correct the order in the manner in which it was done, and thus place the acts charged upon the plaintiffs outside of the sphere of its proposed operation and scope Thus there was no disobedience, and no ground for the further proceedings against the plaintiffs and their associates, and the motion for attachment was necessarily denied. The proceeding was strictly punitory in its object, and if there had been a violation of the words of the order. in their strict sense, it was so obviously not wilful as to bring a disavowal of an intent to disobey within the ruling in *Bond* v. *Bond,* 69 N. C., 97.

As the decision was adverse to the application, and the accused parties acquitted of the charge, the costs would ordinarily be made to follow the result. Certainly no cause of complaint can be made when the defendants are adjudged to pay but half of the costs incurred. There is no error, and this will be certified.

No error.       .       Affirmed.