*\* In re* I. M. DEATON et al.

*Contempt—Appeal—Finding of Fact—Alternative Judgment— Jurisdiction.*

1. Alternative judgments are not allowed either in civil or criminal cases, hence it is error to sentence a party to "pay a fine of $40, and in default thereof be imprisoned thirty days."

2. By inherent right, as well as by statute, every Court has the power to punish contempts committed in its presence, or so near as to interfere with the transaction of its business, and in such cases no appeal lies to any other Court.

3. Where the contempt is not committed in the presence of the Court, but, as here, by the wilful disobedience of the process of the Court, and the publication of grossly inaccurate accounts of its proceedings in a newspaper with intent to bring the Court into contempt, an appeal lies.

4. On such appeal, if from the Superior Court to this Court, the findings of facts by the Judge are conclusive, and this Court can only review the law applicable to such state of facts. Otherwise, on appeal from a Court below the Superior Court, to that Court, it is then the duty of the Superior Court Judge to review the facts and the law, and, in his discretion, he can hear additional testimony, orally or by affidavits.

5. It is the duty of the Court passing sentence in proceedings for contempt to set out in the record the facts found, upon which judgment is passed. If the contempt consists in publishing "grossly inaccurate accounts of the proceedings of the Court," the findings must show that the publication was made with intent to bring the Court into contempt, and the language used must be found and set out.

---

\* Head-notes by CLARK, J.

*In re* DEATON.

6. *The Code,* §654, providing proceedings "as for contempt," applies
   only to civil actions—except sub-sections 4, 5 and 6. It is only
   in proceedings as for contempt that the notice to show cause must
   necessarily be based upon an affidavit.

7. A party charged with contempt, is not entitled to a trial by jury.

8. The Mayor has jurisdiction to punish for contempt.

This was a Proceeding for Contempt, instituted before the
Mayor of the town of Troy, in Montgomery county, and came
to the Superior Court by appeal from the Mayor's Court, and
was heard at Spring Term, 1889, of MONTGOMERY Superior
Court, before *Brown, J.*

The defendants offered affidavits in the Superior Court
tending to show that they were not permitted to file any
answer in the Mayor's Court, also affidavits tending to show
that the publication which was made by them was not
grossly inaccurate, but was true in the main; and also affi-
davits tending to show that the defendants did not disobey
the notice of said Court, but were present before the time set,
and at the time set, and the cause was continued upon the
affidavits and facts.

The defendants asked the Court to reverse the facts found
by the Mayor, or to grant the defendants a trial by jury.
The defendants contended that they ought to have the right
to have the facts reviewed by the Court.

The judgment of the Mayor, appealed from, is as follows:
" This cause coming on to be heard, and after hearing the
defendant's statement in regard thereto, it is adjudged by
the Court that the said I. M. Deaton and T. M. Hall wilfully
and designedly published said grossly inaccurate statement in
the *Troy Times* for the purpose of bringing this Court into
contempt and ridicule, and that they further contemptuously
refuse to obey the order of this Court in refusing to appear
before said Court.

" It is therefore adjudged that the said I. M. Deaton and
T. M. Hall are guilty of a contempt of this Court, and it is

ordered and adjudged that said I. M. Deaton and T. M. Hall pay each a fine of forty dollars and the costs of this proceeding, and, in default thereof. that they be committed to the common jail for the county of Montgomery for thirty days, and until they be discharged according to law."

The notice to show cause appears not to have been based upon affidavit, but to have been issued by the Mayor, *ex mero motu.*

The appeal coming on to be heard in the Superior Court, his Honor, being of opinion that he could not review the facts found by the Mayor, confirmed the judgment, and gave judgment against the defendants.

The defendants excepted and appealed.

*Messrs. J. M. Brown* (by brief), *J. B. Batchelor, John Devereux, Jr.,* and *J. C. L. Harris,* for respondents.

No counsel, *contra.*

CLARK, J.: Alternative judgments are not allowable in either civil or criminal cases. *State* v. *Perkins,* 82 N. C., 681; *Dunn* v. *Barnes,* 73 N. C., 273; *Strickland* v. *Cox,* 102 N. C., 411. The sentence "to pay a fine of $40, and, in default thereof, be imprisoned thirty days," is erroneous. This, however, would not dispose of the case on the merits, but would merely require it to be remanded for a proper sentence. *State* v. *Lawrence,* 81 N. C., 522; *State* v. *Green,* 85 N. C., 600. We will therefore consider the other points raised by the appeal.

The power to punish for a contempt committed in the presence of the Court, or near enough to impede its business, is essential to the existence of every Court. In such cases, "necessarily there can be no inquiry *de novo* in another Court as to the truth of the fact." RUFFIN, C. J., in *State* v. *Woodfin,* 5 Ired., 199. The requirement, Acts of 1846, now *The Code,* § 650, that the Court shall find the facts constitut-

ing the contempt and have them spread upon the record, does not have the effect to give the right to an appeal nor to a writ of *certiorari*, in this class of contempts, and for the reasons justly and forcibly given by NASH, C. J., in *State* v. *Mott*, 4 Jones, 449. But such facts, when found and spread upon the record, may authorize a revising tribunal, on a *habeas corpus*, to discharge the party, if it plainly appear that the facts, as found by the committing Court, in law do not justify a sentence for contempt. *Summers, ex parte*, 5 Ired., 149. Another effect of the statute is to "furnish evidence against the magistrate, upon an indictment for malfeasance in office," when there is such. *State* v. *Mott, supra.* So inherent is the right to punish for contempt, that the Legislature would have no power to deprive the Courts of its exercise. Cons., Art. IV., § 12; *In re Oldham*, 89 N. C., 23.

When the contempt is not committed in the presence of the Court, but, as here, by the alleged wilful disobedience of the process of the Court and the publication of grossly inaccurate accounts of its proceedings, with intent to bring the Court into contempt, there is not that necessity for prompt punishment nor the strong reasons which forbid the allowance of an appeal, which exist as to contempts when committed in the presence of the Court. Hence it has always been held that as to contempts not committed in the presence of the Court, an appeal lies. *In re Daves*, 81 N. C., 72; *In re Walker*, 82 N. C., 95; *Cromartie* v. *Commissioners*, 85 N. C., 211; *Robbins, ex-parte*, 63 N. C., 309.

In this class of contempts on appeal from the Superior Court, the findings of the Judge as to the facts are conclusive, and this Court can only review the law applicable to such state of facts. It is otherwise, however, on appeals from a subordinate Court to the Superior Court. In that case, it is the duty of the Judge to review the findings of facts of the Court below, as well as the rulings of law; and when, in furtherance of justice, it may be required, the Judge can

hear additional testimony, either orally or by affidavit, in making up his own findings of fact. The reason of this distinction is not only because of the greater dignity of the Superior Court, and the greater trust reposed in the experience and judgment of its presiding officers, but because that Court is for the trial of matters of fact as well as of law. They are held in the same county where the offence was committed, and can readily procure the attendance of witnesses. The trial in the Superior Court is *de novo* on the facts and the law. Even the limitation upon the review of the facts, where the amount involved was less than $25, was repealed by the constitutional amendments of 1875. In this Court, errors of law, and not of fact, are reviewable. Though witnesses in some instances may be summoned (*The Code*, § 963), it has not been the practice. Owing both to the expense of bringing witnesses here from a distance, and the great addition it would make to the already large and steadily increasing volume of business in this Court, to examine affidavits on questions of fact, the Court has adhered to its settled ruling, that it will not pass upon the facts, except as to injunctions and in similar cases, but will take the findings of fact by the Judge who tried the cause below as conclusive. None of these reasons apply to an appeal from an inferior tribunal to the Superior Court. An analagous case is the finding that the prosecution is frivolous or malicious. This finding may be reviewed by the Superior Court on appeal from a lower Court (*State* v. *Murdock*, 85 N. C., 598; *State* v. *Powell*, 86 N. C., 640); but such finding, when made by a Superior Court, is final and not reviewable in this Court. *State* v. *Hamilton* (at this term) and cases there cited.

It is the duty of the Court in passing sentence for contempt, when committed in the presence of the Court, though no appeal lies, to spread its findings of fact upon the record. *The Code*, § 650. The reasons therefor are given in *State* v.

*Mott*, and cases cited above. For a stronger reason, the facts should be set out in this class of contempts, in which the party is entitled to have the matter reviewed by an appeal. The judgment of the Mayor, as set out in the record, is fatally defective as to the allegation of publishing grossly inaccurate accounts of judicial proceedings, in that it does not set out and recite in what the publication consisted. It is true, that in the notice to show cause, a certain article is charged and set out as published by the respondents. But in the judgment there is no specific finding that such article, and in the words charged, was published by the defendants. It can only be inferred. This is not sufficient. The article, as published, must be set out in the judgment, and its publication and the intent with which it was published, must be found as facts by the Court. The provision for proceedings "as for contempt" prescribed in *The Code*, § 654, applies only to civil actions, except subsections 4, 5 and 6. *Cromartie* v. *Commissioners*, 85 N. C., 211. Proceedings "as for contempt" should always be based upon affidavits. We do not think that this is required in proceedings for contempt proper, which, whether the contempt is committed in the presence of the Court or not, are begun by the Court, *ex mero motu*, to preserve its dignity, to maintain order, or to enforce the respect due it, and obedience to its process. *Ex parte Moore*, 63 N. C., 397.

That a defendant in contempt proceedings is not entitled to a jury trial upon the controverted facts is well settled. In *Baker* v. *Cordon*, 86 N. C., 116, SMITH, C. J., says: "The proceeding * * * is necessarily summary and prompt, and, to be effectual, it must be so. The Judge determines the facts and adjudges the contempt, and while he may avail himself of a jury, and have their verdict upon a disputed and doubtful matter of fact, it is in his discretion to do so, or not," citing *State* v. *Yancey*, 1 Car. L. Rep., 133; *State* v. *Woodfin*, 5 Ired., 199; *Moye* v. *Cogdell*, 66 N. C., 403; *Crow* v. *State*, 24 Texas, 12.

It was contended below that a Mayor has no jurisdiction to punish for contempt, because not named among the officers having that power in *The Code*, § 651. Apart from the fact that every Court inherently possesses such power independent of statutory enactment, *The Code*, § 3818, constitutes the Mayor an Inferior Court, and gives him the powers of a Justice of the Peace.

The case must be remanded to the Superior Court, to the end that it may review the findings of fact by the Mayor, as well as his conclusions of law, and if, thereupon, the defendants are adjudged guilty, to pass a definite sentence in accordance with law.

Error.