## STATE v. JAMES P. AIKEN.

*Defaulting Witness in Mayor's Court — Contempt — Power of
Mayor to Fine for Contempt.*

1. In addition to the fact that the power to punish for contempt is inher-
   ent in all Courts and essential to their existence, the authority given
   in this respect to Justices of the Peace by section 651 of *The Code*
   is extended to Mayors by section 3818 of *The Code*.

2. A fine of $8 imposed by a Mayor upon a defaulting witness for con-
   tempt in disobeying a subpœna is not excessive.

3. From analogy to cases in which prosecutors are taxed with costs, an
   appeal from a judgment in a proceeding for contempt against a
   defaulting witness in a prosecution against R. should be entitled
   "State *v.* R.; appeal by A., defaulting witness."

Proceeding to enforce a penalty against defaulting witness, begun before the Mayor of Brevard, and heard on appeal at Fall Term, 1893, of TRANSYLVANIA Superior Court, before *Armfield, J.,* who dismissed the action, on motion of the respondents, on the ground that the Mayor had no authority to impose the fine, either under the general law or under chapter 110, Pr. Acts of 1889, incorporating the town.

The State appealed.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J.: The defendant, or, more properly, the respondent, was a defaulting witness in a criminal proceeding before the Mayor of Brevard against one Dock Rhodes for violation of a town ordinance. A notice issued to show cause why he should not be fined for contempt in disobeying the subpœna of the Court. The respondent appeared, but the Court adjudged that he had not shown good cause, and fined him eight dollars. Upon appeal to the Superior Court, his Honor dismissed the proceeding, upon the ground that the Mayor had no authority to impose the fine.

In this there was error. *In re Deaton,* 105 N. C., 59, in which (on page 65) the express point is decided. The power given Justices of the Peace by *The Code,* § 651, is extended to Mayors by *The Code,* § 3818. But, in fact, the power to punish for contempt is inherent in all Courts and essential to their existence. The Courts of our cities and towns would become nullities if they did not possess the power of procuring the attendance of witnesses under suitable penalties for contempt upon wilful disobedience of the subpœna of the Court. The fine imposed ($8) was not excessive, and was probably fixed from analogy to the penalty against a defaulting witness, and in favor of the party at whose instance he is summoned, which is allowed by a Court of a Justice of the

Peace in a civil action. . *The Code,* § 847. In the present case the fine is simply for contempt, and to be disposed of as other fines and penalties.

It is a matter of no special importance, but, from analogy to cases in which prosecutors are taxed with costs, this proceeding should properly be entitled "State *v.* Rhodes; appeal by Aiken, defaulting witness."

The judgment dismissing the proceeding is set aside and the cause remanded, that the facts may be found by the Judge, for the findings of fact by the Mayor are not conclusive. *In re Deaton, supra.* If the facts found justify it, the Judge will impose sentence for the contempt.

Error.