*In re* FRANK E. ROBINSON.

*Contempt of Court—Publication of Court Proceedings—Trial for Contempt.*

1. The power of a court to punish, summarily for contempt, for an act committed in its presence or so near its sittings as to disturb its proceedings, or that is calculated to disturb the business of the court, impair its usefulness or to bring it into contempt, cannot be taken away from the court by legislation.

2. The power of the courts, which existed at common law, to punish, for contempt, offenders committing acts not in the presence of the court but calculated and intended to impair the usefulness of the courts and to bring them into disrespect, may be regulated by legislation.

3. Where, in a proceeding for contempt in publishing a report of a case tried in court, the respondent, in his answer to the rule, stated that he believed the statement published by him to be correct and that it was not made to bring the court into contempt, he was entitled to have the issue tried, not by a jury but by the court, if there was nothing on the face of the publication to show that it was grossly incorrect or calculated to bring the court into contempt.

4. As to the intent with which a publication was made, the sworn answer of the respondent is conclusive.

PROCEEDINGS TO PUNISH, for contempt, Frank E. Robinson, editor of the Asheville *Citizen*, heard before *Ewart*, *Judge* of the Western Criminal Circuit Court, at July Term, 1895, of the Criminal Court of BUNCOMBE county.

*In re* ROBINSON.

His Honor issued the following order :

"It is ordered by the court that the following notice shall be issued instanter and served on Frank E. Robinson, Editor, &c., of *The Asheville Daily Citizen* and is in words and figures as follows—"In *The Citizen*, an afternoon paper, published in the City of Asheville, under date, 24th July, 1895, appears an editorial entitled "The Removal." In this appears the following—"The reasons that Judge Ewart gave for the removal of the cause were founded on the unintentional error, corrected by the context—which *The Citizen* made in reporting the testimony of John Sumner, and the affidavits of men from various parts of the county, stating that in their opinion Sumner could not obtain an impartial trial in Buncombe. The error was corrected the next day ; but if it had gone uncorrected it could have misled no man who had sufficient intelligence to read and comprehend the report of the testimony ; the mistake is too shallow and too flimsy to deserve the consideration Judge Ewart seems to have given it.

"If Judge Ewart be justified in removing the case, any case of importance can always be removed, for any one of standing can always get friends to say that in their opinion the county wherein the crime is committed is not the proper place to try the accused.

"Judge Ewart knows very well that it is far beyond the power of the Lance family, or of any other family, or of an unintentional error in *The Citizen*, to so mould the public sentiment of Buncombe county as to make it impossible for one of her citizens to obtain justice in a trial for his life.

"The statute requires the court to be satisfied, that justice can not be done before a case can be removed. How can an intelligent citizen come to the conclusion that in this case this court was satisfied on this point ? It

*In re* ROBINSON.

is now Judge H. G. Ewart's work to satisfy the people of Buncombe that he has acted wisely in this matter.

"The removal of the case to Henderson is unnecessary, expensive, and a reflection on the intelligence of Buncombe county."

It appearing to the court this publication is a grossly inaccurate report of the proceedings of this court had in this cause to-wit : the case of State against Jesse Sumner, and was made with intent to misrepresent this court and to bring into contempt and ridicule, it is ordered that a rule issue against Frank E. Robinson, Editor of *The Citizen*, to appear before this court on Saturday next at 9 a. m. and show cause why he should not be attached for a contempt of this court.    This 25th of July, 1895."

The defendant answered as follows :

" 1st.  Frank E. Robinson answering the above entitled rule served upon him, after being duly sworn says :

"That he admits, that he is the Editor of the *Daily Citizen*, as alleged in said rule and he further says that he published the article and publication which appeared in the said *Daily Citizen* under date of July 24th, 1895, entitled "The Removal."

"2nd.  That as affiant is informed and believes the said publication is not a grossly inaccurate report of the proceedings of this court, had in the case of State against Jesse Sumner and that he makes this denial, on information and belief, for the reason that he was not in court when said proceedings were had, and wrote said publication in good faith from information, received by him from persons who were present and in whom this affiant had and now has great confidence, and that he then believed, and now believes, said publication contains a true, full, and fair report of the proceedings had in said case with reference to its removal, and that said article and publication was

written and made in the exercise of the constitutional rights of the press, to fairly, justly and in good faith, inform the public of the acts and doings of public officers ; and fairly, justly and in good faith to criticize the action of public officers; and that said article and publication does not contain any comment as applied to a public elective office not allowed by the freedom of the press, as understood by this affiant, and as defined, as affiant is advised and believes, in the Constitution of the United States and the State of North Carolina.

"3rd. Affiant states that said publication was not made with intent to misrepresent this court, or to bring this court into contempt and ridicule."

The following is the judgment of the court in this case and is in these words and figures as follows—

State of North Carolina,

Buncombe County :

*Criminal Circuit Court, July Term*, 1885.

State
vs.  } Rule to show cause.
Frank E. Robinson.

This proceeding having been brought before the court for hearing, upon the answer of the respondent, Frank E. Robinson, to the rule issued against him,

His Honor entered the following judgment;

"It is considered that the answer is not responsive to the rule.

"Whereupon it is adjudged by the court that the respondent, Frank E. Robinson, is guilty of a contempt of this court, and he is hereby adjudged to pay a fine of two hundred and fifty dollars, and further, that he be imprisoned in the common jail of Buncombe county for the space of thirty days, and that he pay the cost of this proceeding to be taxed by the clerk."

From the foregoing judgment, the respondent, Frank E. Robinson, after exception, appealed.

*Messrs. Moore & Moore, Lock, Craig* and *J. S. Adams,* for Respondent (appellant).
*Messrs. W. W. Jones* and *J. M. Moody, contra.*

FURCHES, J.:   It is a delicate matter for a court to sit in judgment, when it is in any way connected with the matter under consideration.   It is contrary to the spirit of our institutions and should only be done when the public good and the public service demand it : then it should be done promptly, firmly and without personal consideration.

Our courts constitute one of the co-ordinate departments of our government, established by the Constitution and the legislation thereunder.   They are not only a part of the government, but are necessary to the enforcement of the law and the protection of the lives, the liberty and the property of our citizens.   This they cannot do without the power to protect themselves by enforcing order and respect for the court and obedience to its mandates.   To this end it is clothed with inherent power to punish summarily for any act committed in its presence or so near its sittings as to disturb the proceedings of the court in violation of its rules of orderly conduct, or that is calculated to disturb the business of the court or to impair its usefulness or to bring it into disrespect and contempt.   *State* v. *Mott,* 4 Jones, 449 ; *Ex Parte Schenck,* 65 N. C., 353; *Ex Parte Moore,* 63 N. C., 397 ; *In re Deaton,* 105 N. C., 59, and cases cited.

These powers, it is conceded cannot be taken from the courts by legislation.   But at common law there were many other acts, not committed in the presence of the court, which were considered as calculated and intended to impair

the usefulness of the courts and to bring them into disrespect, and which the courts treated as contempts and punished the offenders.    And it is held that this class of contempt may be regulated and prescribed by legislation. *Ex Parte Schenck, supra*, and cases cited in the argument in that case.

The case we are now considering falls under this class, and whatever may have been the law before, the Act of the 4th of April, 1871, governs this case.    *Ex Parte Schenck, supra*.    It is contended that respondent violated Section 648, Sub Section 7 of *The Code*, in publishing the article set out in the rule to show cause and is on that account guilty of contempt.    This section is as follows ; " The publication of grossly incorrect reports of the proceedings in any court, about any trial or other matter pending before said court, made with intent to misrepresent or to bring into contempt the said court ; but no person can be punished as for contempt in publishing a true, full and fair report of any trial, argument, decision or proceedings had in court."

The only part of the article complained of that seems to undertake to give a report of the proceedings of the court, is as follows :    " The reasons that Judge Ewart gave for the removal of the cause were founded on the unintentional error, corrected by the context, which the Citizen made in reporting the testimony of John Sumner, and the affidavits of men from various parts of the county, stating that in their opinion, Sumner could not obtain an impartial trial in Buncombe. "    The respondent, in his answer to the rule, says this statement is not grossly incorrect and that he believes it is a full and true report of the proceedings of the Sumner case.

There is nothing inherent in this statement that shows that it is grossly incorrect ; the respondent says that, as he

is informed and believes, it is correct.　The answer makes the issue as to whether it is correct or not, and while we do not agree with the counsel for respondent that he was entitled to have it tried by a jury (if he had demanded a jury, which he did not) yet we are of the opinion that he was entitled to have this issue tried by the court, unless the court chose to submit it to a jury; because, if it was a correct statement of the facts, then, under the statute, it was no contempt to make the publication.　It does not appear that the matter was tried in any way—the court simply holding that respondent's " answer was not responsive to the rule," and adjudged him guilty of contempt.

We do not see that that part of the publication purporting to give an account of the proceedings, of itself, is calculated to produce disrespect and contempt for the court; but, if it had been found to be grossly incorrect, pointed as it is, by the comments that followed, we do not say it would not amount to contempt under the statute.

But we must hold that under the statute of 1871 the respondent cannot be punished for contempt for the language used in his comments upon the court, that we think were calculated and must have been intended to bring the court into ridicule and contempt only as they might point and furnish evidence of the intent with which the misrepresentations as to the trial were made, if it had been found they were grossly erroneous.

It is our duty to declare the law as we find it, and it is not within our province to say whether it is wise or not. There are two sides to it—on one side the protection of the citizen, on the other the usefulness and efficiency of the courts.　The most of our citizens and many of our newspaper men recognize the delicate position a judge occupies—that his position neither allows him to defend himself phys-

ically or through the public press against false and slanderous charges, and these do not consider it manly to make such charges,—and no judge ought to object to just and fair criticism by the press.

But respondent also puts his defence on another ground; he says under oath : 3rd "Affiant states that said publication was not made with intent to misrepresent this court, or to bring this court into contempt and ridicule."

It is not for the court to judge whether this was false or true; the law made him his own judge,—his own trier— and as to how well he did this he will answer at another bar; we must take his verdict. *Ex Parte* Biggs, 64 N. C. 202.

There is error in the judgment.

Error.