## POWER OF A COURT TO COMMIT FOR CONTEMPT.

Superior Court of Cincinnati.

THE JUVENILE PROTECTIVE ASSOCIATION ET AL V.
MILLARD F. ROEBLING.

Decided, February 12, 1916.

*Contempt—Witness Committed on Suspicion that His Statements Were Untruthful—Right of Such Witness to Purge Himself—Must be Acquitted of the Imputed Contempt, When.*

1. Where a witness has been sent to jail for contempt for an act or acts tending to obstruct justice in contempt proceedings, the witness can purge himself of contempt by thereafter answering under oath that what he had done or said was in good faith and true, without any intent to commit contempt or offering any disrespect for the court.
2. The plenary power bestowed in this state by the General Code of Ohio, Section 12136, to commit a witness to jail for contempt for misbehavior in the presence of the court tending to obstruct justice, does not extend to or include authority to send a witness to jail for contempt where he answers all questions put, but impresses the court with a belief of the untruth of his statements. A witness can not be sent to jail for contempt on mere suspicion of untruthful statements.

*Hosea & Knight,* for the Juvenile Protective Association.

*Albert H. Morrill and Robt. M. Ochiltree,* for Millard F. Roebling.

*Chas. W. Baker,* for Henry S. Rosenthal.

GUSWEILER, J.

Opinion on motion in re Henry S. Rosenthal.

On November 6, 1914, a former judge sitting as a member of this court, in the record and proceedings of said court, in this case then and there had, among other things, made the following order and pronounced the following sentence, to-wit:

"State of Ohio v. Henry S. Rosenthal.

"The said Henry S. Rosenthal having refused and failed to testify to the truth in a certain case No. 56167 then pending in said court after being summoned and sworn as a witness in said case, and having thus obstructed justice and being guilty of contempt in the presence of the court, it is therefore the sentence of the court that the said Henry S. Rosenthal be imprisoned in the county jail in the city of Cincinnati in Hamilton county, and kept until he purges himself of such contempt by testifying to the truth in said case. The defendant to stand committed until he has thus purged himself of said contempt."

Henry S. Rosenthal, the witness and person referred to in this foregoing order of contempt, comes into court now, by his counsel and in person, on the 17th day of January, 1916, by motion on leave of court first had and obtained, and moves this court for leave to offer testimony in this case, purging the said Henry S. Rosenthal of contempt or of intending to commit contempt of this court and to show that no contempt was committed or intended. That on final hearing the court may purge the said Henry S. Rosenthal of contempt and make an order of satisfaction and purging in regard to such order as to said order of Friday, November 6, 1914.

Messrs. Hosea & Knight, attorneys representing the Juvenile Protective Association, the plaintiff herein, object to everything; they object to this entire proceeding as irregular and illegal and say that this court has no right or authority to consider this motion for any purpose.

The question of contempt of a witness is well settled by uniform authority to be a question between the court and the witness, and no authority or person has a lawful right to object or interfere. This conclusion is supported by unbroken and universal decisions throughout the United States and England. After much careful consideration and investigation, as to the law applying, the court is of the opinion that it has full and absolute control and authority over its own previous contempt order heretofore made herein; that it has lawful and inherent

power and right to modify, lessen or absolve altogether the con-
temptuous witness of further responsibility owing to this court,
under said previous contempt order.

Without this inherent right and power, and without the deci-
sions of law on this point, this witness under the contempt order
heretofore made herein, *would be constrained to remain in jail
forever,* if he were to be denied the right to come into this court
later and endeavor to purge himself, if he could, of this charge
of contempt. Judge Hosea, of counsel for plaintiffs, contends
that the witness's sole remedy is a proceeding in error, with
which the court does not agree. For the purpose of argument,
let us assume a case where the contemptuous witness was really
in fact unable to comply with the court's order. What would
happen? The witness necessarily would remain in jail forever.
Can this theory be logically or seriously contended for?

There appears nothing in this contempt order previously made
herein, indicating a possibility of the witness being able to com-
ply with the court's order, as is required by law. The court
says, in *Adams* v. *Haskick & Woods,* 6 Cal., 319:

"A commitment for contempt for refusing to obey an order of
court commanding the imprisonment of the party in contempt
until he shall comply with the order, *should be set forth that
it is in the power of the party to comply.*"

Cases holding that the court making the contempt order is the
exclusive judge of its own contempt proceedings and has sole
and full power and control thereover and can modify, relieve
and suspend a fine or imprisonment are: *In re Nevitt,* 117 Fed.
Rep., 448; *In re Wilson Walker,* 82 N. C., 95; *Hendryx* v. *Fitz-
patrick,* 19 Fed. Rep., 810; *Adams* v. *Haskick & Woods,* 6 Cal.,
318; *City of New Orleans* v. *N. Y. Steamship Co.,* 20 Wall., 387-
392; *In re Debs,* 158 U. S., 564; *Jos. Ammon* v. *T. H. Johnson,
Guardian,* 2 O. C. D., 149; *Olney* v. *Watts,* 43 O. S., 499; *King*
v. *King,* 38 O. S., 370; *Fisher* v. *Fisher,* 32 Ia., 20; *McGee* v.
*McGee,* 10 Ga., 486; *Wheeler* v. *Wheeler,* 18 Ills., 40; *Rogers* v.
*Vines,* 6 Ired., 293; *Lockridge* v. *Lockridge,* 2 B. Mon., 258;
*Law* v. *Law,* 15 O. C. C., 409; *In re Madden,* 83 O. S., 506; *In
re Madden,* 11 C.C.(N.S.), 238.

Having in mind the foregoing authorities, and even without
said decisions, this order of contempt provides that the witness

go to jail until he complies with the court's former order, it is palpably apparent that this order could never be complied with if Messrs. Hosea & Knight are correct in their contention, and the contemptuous witness were denied the right to come into this court later and offer to purge himself. Therefore, on this point, this court will hold and finds that under all the present circumstances, this witness, Henry S. Rosenthal, has a legal right at this time to have this court hear him on the question of permitting him to offer testimony and evidence in order to purge himself of contempt; that this court, and no other authority, has power or right to determine or pass upon this particular question.

Although the record in this case discloses strange and peculiar entries, inconsistent with the evidence and testimony offered at this hearing, in that the cause was continued from Wednesday, November 4, 1914, to the 12th day of November, 1914, and notwithstanding the case was again heard further on the 5th day of November 1914, at which time this particular witness, who was not a party to the action, was subpoened *duces tecum;* and although the record also indicates that counsel for plaintiffs and defendant were present, but the testimony of said counsel on the witness stand in this hearing, proving said entry and record untrue, and counsel for the Juvenile Protective Association and the court were the only persons present with this witness, as to whether or not this, and other matters occurring at the time of the examination of this witness and former hearing were irregular and unlawful, this court does not think it necessary or essential for the purposes of this motion, to pass upon at this time.

On the question as to whether there should have been charges filed against this witness and a hearing had in contempt under Section 12137, General Code of Ohio, in accordance with law, or whether the former judge of this court had authority, under Section 12136, General Code of Ohio, to make the order of contempt made herein, under all the circumstances of this case, or whether said former judge of this court acted properly within the exercise of his plenary power thereunder, in sending a witness to jail for contempt when the court *did not know,* but *thought* him guilty of perjury, this court does not deem it neces-

sary or essential for the purposes of this motion to pass upon at this time.

From an inspection of the record of the former examination of this witness, it appears in the case at bar that *the witness did not refuse to answer any of the court's questions.* On the contrary, it appears that *he answered every question propounded to him by the court.* The crisis came, and he was ordered taken to jail for contempt, when the court said to the witness: "Are you prepared to give us any further information on that subject?" and the witness answered, "No, sir." Then the court in effect said that because the court *thought* the witness was not telling the truth, he should go to jail for contempt.

It is the law, that a witness can not be held for contempt where a witness in answer to a question says: "I don't recollect," "I don't remember," or "that's all I know," as in this case.

Our circuit court here has so held, and Judge Frank M. Gorman, in quoting our circuit court in the case of *Morrison & Snodgrass Co.* v. *Hazen et al,* 10 N.P. (N.S.), 353 and 361, said:

"It is true the circuit court has held that Hazen's answer 'I don't recollect' or 'I don't remember' to questions which *it was obvious he could have answered, did not constitute contempt.*"

Nevertheless, for the purposes of this motion, this court does not deem it essential to pass upon the question of the former judge of this court having a lawful right or power under these circumstances, to commit this witness to jail for this act or answer, as contempt.

The final question, and the real substantial issue in the case at bar after all the testimony has been given and all the evidence has been heard is: *Has this witness, Henry S. Rosenthal, proven sufficiently, to this court now at this hearing, his honesty and good faith and the truth of his statements and answers? Has the dignity of this court been maintained? Has justice been unobstructed by this witness? Whether from all the testimony and evidence now submitted, has he acted in good faith in maintaining toward this court its full and proper dignity under all the circumstances of this case?*

To determine these questions, we must consider the various angles of the case and the different items or proof established by the evidence introduced at this hearing. It is evident that up to the present moment, more than a year and several months having elapsed since this suit was filed, and this witness previously examined, no one has been able to prove or discover who the person was who ordered the printing of the objectionable circular involved in this case, notwithstanding both plaintiffs and defendant have had public authorities working on the case in an effort to trace the same, all without effect. No evidence of any kind whatsoever has been presented at this hearing convincing the court that this witness, Rosenthal, was not telling the truth as far as he knew, and nowhere in this hearing is the testimony of Rosenthal proven untrue. Messrs. Hosea & Knight say that the evidence creates and discloses *a suspicion of untruth.* Has this court a lawful right and power, and should it send a witness to jail for contempt on *mere suspicion?* This court will not take the responsibility for sending a witness to jail for contempt on *mere suspicion of untruth.*

Contempt proceedings, the law holds, are *quasi* criminal in their nature and must be by law strictly construed and *always in favor of the witness.* So held in the following cases: *In re Habeas Corpus of John H. Quick,* 1 O. N. P. (N.S.), 57; *Bank v. Becker,* 62 O. S., 289; *White* v. *Gates,* 42 O. S., 112.

All presumptions that the witness in this case is telling the truth, the law declares, should be construed in favor of the witness. *Mere suspicion is not enough.* The court so said in *Ashley* v. *Bd. of Supv., etc.,* 83 Fed. Rep., 534, 540.

The law seems well settled that in cases wherein an act or acts tend to obstruct justice in contempt proceedings, the witness purges himself of contempt by answering under oath, that what he had done or said was in good faith and true, without any intent to commit contempt or offering any disrespect for the court. These are the words of the court in *Wells* v. *Commonwealth,* Gratton Rep., Vol. 21, 500. And so in the cases of *United States* v. *Dodge,* 2 Galleson, 312; *Hollingsworth* v. *Duane,* Wallace Rep., 78; *U. S.* v. *Duane, id.,* 102, the law being recited as follows:

"If the party by his affidavit and answer on oath to interrogatories proposed by the district attorney, discharges himself of the contempt, no further proceedings can be had against him on the attachment. Collateral evidence can not be received for the purpose of impeaching the testimony of the accused, *His answers are conclusive,* and no proofs and affidavits can be introduced in opposition to them. *A prosecution for perjury is the only remedy if he answers falsely.*"

In line with the foregoing we also find the law in Murdock's case, 2 Bland's Ch., 486 and 487, holding as follows. The court says:

"*If the party attacked makes a full and frank answer to all facts and positively denies or justifies all that is alleged against him, he must be at once discharged as having entirely acquited himself of the contempt imputed to him.*"

In the case at bar, this witness now comes into this court and answers under oath *all questions* propounded to him and says that all his answers are true and that he has acted in good faith, without any intent to commit contempt or offering any disrespect to this court. The witness further testifies that he and his counsel and others have, at all times, ever since the former examination of the witness, made diligent effort toward tracing and locating the unknown person responsible for the circular mentioned. He brings into court all his books, files and data, and answers freely all questions. Some of Cincinnati's most prominent and reputable bankers, manufacturers and commercial citizens testify to the witness's reputation for truth and veracity and his good standing in the community. The court has listened patiently and carefully to all the evidence submitted, and has permitted all parties interested and concerned in this case the widest latitude in examination and cross-examination, in order that this court might come into possession of all the facts and circumstances. While the case truly is peculiar and the circumstances surrounding the case unusual, nevertheless, no evidence appears in this hearing, justifying this court in a belief, or even a reasonable impression, that the witness, Henry S. Rosenthal, has not been telling the truth. Surely, his statements, if untrue, could have been so proven, within the past fifteen months.

Evidence has been introduced at this hearing tending to create a suspicion that a certain political party's campaign committee, for sinister purposes, caused this objectionable circular to issue; that this suspicion arises by reason of the fact that certain of the membership of this political committee were also members of the plaintiff association, and both bodies worked in harmony for the election of the same certain political candidate. On this suspicion, without any proof sustaining the same, should this court find this political committee guilty of having been responsible for the issuance of this objectionable circular? Certainly not. And the same process of reasoning should apply in the consideration of the case at bar. *Mere suspicion can not be substituted or supplanted for facts or actual proof.*

Appreciating fully the deep sense of duty which this court owes to itself, by which the dignity of the court must be maintained, and that justice must not be obstructed, nevertheless this court is of the opinion from the evidence submitted, that this witness has not wilfully told an untruth, and the court will give him the benefit of any doubt that Messrs. Hosea & Knight contend arises by reason of the unusual circumstances surrounding the case.

The finding of this court, based upon the law and evidence submitted, is that at this hearing the witness, Henry S. Rosenthal has not wilfully told an untruth; that he has told all he knows concerning this case and is not guilty of contempt of this court; that he has not obstructed justice and has now satisfactorily purged himself of all contempt, if any contempt was heretofore committed. The said Henry S. Rosenthal is hereby released and discharged of all contempt of this court as a witness in this case.

A proper order of satisfaction and purging may be drawn, embodying a finding that the said Henry S. Rosenthal is now purged of all contempt of court in this case and released of all responsibility attaching thereto, at the costs of plaintiff.