THE STATE v. P. M. MORRIS.

*Trial—Discretion of Judge—Witness—Impeaching—New trial for New Evidence.*

1. It is within the discretion of the trial Judge to permit the defendant to further cross-examine a witness, upon the close of the re-direct examination.

2. In an indictment for slandering an innocent woman the husband of the prosecutrix was asked if he had not told a certain person that he had had sexual intercourse with his wife before his marriage, to which he answered, "No": *Held,* to be incompetent to contradict the witness; being collateral the defendant was bound by his answer, and it was not pertinent to prove incontinence on the part of the prosecutrix, being hearsay.

3. Granting new trial for newly discovered evidence is within the discretion of the trial Judge.

INDICTMENT for slandering an innocent woman, tried before *Graves, J.,* at Spring Term, 1891, of MONTGOMERY Superior Court.

*The Attorney General,* for the State.
No counsel for defendant.

MERRIMON, C. J.: The defendant is indicted for slandering an "innocent woman" in violation of the statute (*The Code,*

§ 1113). He pleaded not guilty. On the trial the prosecutrix was examined as a witness for the State, and after she had been examined in chief, cross-examined, and again examined by the State, the defendant asked to be allowed to ask the witness one question. The Solicitor, not knowing the nature of the question, did not at once object. The defendant then propounded this question: "How many times witness and her husband had separated," and asked the cause. The Court said, "You may ask that question if its purpose is to impeach the witness." The counsel said, "We want to show the cause of the separation." The Court said, "I cannot go into that investigation now," and defendant excepted.

The defendant had had fair opportunity in the orderly course of the examination of the witness to propound all proper questions, and it was discretionary with the Court to allow or disallow the question propounded to be put to the witness. The defendant had no right to protract the examination indefinitely, particularly as to matters that the witness ought to have been examined about upon the cross-examination.

The husband of the prosecutrix was examined as a witness for the State, and on cross-examination he was asked if he had not told a certain person, named, that he had had sexual intercourse with his wife, the prosecutrix, before he married her. The witness denied that he had said so. The defendant then offered to show by himself and another witness that the husband said to them "that he would rather pay two dollars and a half and marry the woman (the prosecutrix) than have a bastard sworn to him."

Upon objection, the Court excluded the evidence, and the defendant excepted.

The defendant was concluded by the answer of the husband witness to the question put to him, because it elicited matter wholly collateral to the purpose of the examination, and did not go to show bias. The evidence of the defendant

rejected was, hence, not competent to contradict the husband, and it was not pertinent to prove the incontinency of the prosecutrix. It was simply hearsay. *Kramer* v. *Electric Light Co.,* 95 N. C., 277, and cases there cited ; *State* v. *Glisson,* 93 N. C., 506.

The defendant moved for a new trial in the Court below, assigning as ground for the motion that he had discovered since the trial important pertinent evidence that he could produce for his defence on another trial. The Court in the exercise of its discretion denied the motion, and the defendant excepted. It is settled that such exercise of discretion is not reviewable. *Carson* v. *Dellinger,* 90 N. C., 226, and cases there cited.

Affirmed.