## STATE v. JAMES JIMMERSON.

*Murder and Manslaughter—Newly Discovered Evidence— Record for Supreme Court in State Cases.*

1. The admission of additional testimony after the evidence is closed but before a verdict is rendered, like a motion for a new trial for newly discovered evidence, is a matter of unreviewable discretion in the judge below.
2. It is not essential that the transcript of the record in a State case shall contain a list of the grand jurors.

(For other points decided see head-notes to *State* v. *Finley*, at this Term.)

INDICTMENT FOR MURDER, tried before *Bryan, J.*, at Fall Term, 1895, of McDowell Superior Court.

*The Attorney General,* for the State.
*Mr. J. B. Batchelor*, for defendant (appellant).

MONTGOMERY, J.: The defendants, James Jimmerson and A. L. Finley, were indicted and tried jointly for the murder of L. H. McNish. The case on appeal on the part of Jimmerson was agreed upon and signed by the solicitor of the district and the counsel of the defendant. It contained the statement that the deceased was a "tramp." The testimony showed that he was a brave and kind-hearted and jovial Irishman. In the darkness of night, in a strange place, without an acquaintance, he was wounded unto death by the defendants, without the least provocation or excuse, in or near a vacant lot about the court-house in Marion. The morning after he was wounded he was carried to the examination before the justice of the peace, and upon seeing the defendants said, "Oh, boys;

ain't you sorry? but I'll forgive you." He deserved a better fate.

There was strong evidence going to show a combination and conspiracy between the defendants to commit an unlawful act, and in the course of it the deceased received a wound inflicted by one or the other of the defendants, both being present, from which he died. The testimony tended to show an agreement between the defendants to engage in the pursuit of an unlawful object; to worry and annoy, and to assault the deceased by taking his cap from him, by chasing him about the streets, by throwing missiles at him—like bottles—by cursing him, and in various other ways annoying him. There was not a scintilla of proof offered with the view to reduce the crime charged in the indictment (murder) to manslaughter. If the killing with a deadly weapon is proved or admitted, nothing else appearing, malice is presumed, and the defendant must show and prove to the satisfaction of the jury all matters and circumstances which he relies upon for excuse or mitigation to rebut the presumption of malice. His Honor instructed the jury to that effect. The court further instructed the jury that if the defendants, or either of them, were present at the time of the killing, with no formed design of killing the deceased, and without any preconcert to kill, they would not be guilty of murder in the first degree. The exception made by the defendant to that instruction cannot be sustained; for, as we have said, there was no proof tending to show a less crime than murder in the second degree. His Honor further charged the jury, among other things, as follows:

" If the jury believe beyond a reasonable doubt that the defendants were in the pursuit of an unlawful object, to-wit, in this case ' deviling ' the deceased, the word used by one of the witnesses, by taking his cap from him, placing their

hands on his person, threatening to put him in the lock-up, raising the foot as if to strike him, driving him into, or by their persecutions and annoyances of him caused him to go into the drug store and ask the doctor for protection, (from these fellows), one going into the store and the other standing outside, cursing him and running him up the street, as detailed by the witnesses, the two having the same object in view, and in pursuance of that common object one of them strikes the deceased on the head with a rock, both of them are guilty of murder in the second degree."

There was no error in this and the exception is not sustained. *Regina* v. *Cox*, 4 C. & P., 538; *State* v. *Gooch*, 94 N. C., 987. The court further instructed the jury at the request of the other defendant Finley, " That the mere fact that the defendant Finley was present at the time of the killing is not sufficient, but the jury must find beyond a reasonable doubt that he was aiding and abetting and encouraging the defendant Jimmerson to inflict the injury of which the deceased died; or that there was a prior agreement to do an unlawful act."

Under the facts testified to in this case his Honor did right in instructing the jury as requested and the exception by the defendant Jimmerson is not sustained:

The defendant Jimmerson requested the judge to charge as follows : " If the prisoner, Jimmerson, when the blow was given, without any community of unlawful purpose with the prisoner Finley, and without any knowledge of the intention of the prisoner Finley, to commit any assault upon the deceased ; if you should find that Finley, and not Jimmerson, struck the fatal blow, and you should find that there was no community of purpose between Finley and Jimmerson to do the deceased bodily harm or other personal injury, the commission of which might result in

STATE *v.* JIMMERSON.

death, although he may have said ' God damn it (or you), you can't knock any one ;' and if you find that these words were used in spirits of drunken levity, and not with intent to aid and abet, this would not make him guilty, and you should acquit him."

The charge was given as requested, but his Honor added the words, " unless there was a common purpose to ' devil ' and annoy the deceased." The addition was proper and the jury could not have misunderstood the meaning of the words, " to devil," for his Honor had defined the words as used, at length, in one of the instructions already given.

After the verdict of guilty the defendant made a motion for a new trial, because of newly discovered testimony. His Honor overruled the motion and the defendant excepted. The matter was one of discretion of the court and we will not review it. *McCullock* v. *Doak*, 68 N. C., 267. It was a matter of discretion also with his Honor when he refused to allow the alleged newly discovered testimony to be submitted to the jury before verdict. *Pain* v. *Pain*, 80 N. C., 322.

There was an exception made here that the transcript fails to show the names of the individuals who composed the grand jury upon whose action the bill was found. That is immaterial. It would have been in better form if the names had been mentioned, but it is not of serious moment. There is no error in the rulings of the court below.

No Error.