## STATE v. L. D. MORGAN.

*Criminal Law— Taxing Prosecutor with Costs—Liability of State for Costs—Appeal.*

1. An appeal lies from the judgment of a justice of the peace taxing the prosecutor with costs, such taxing being in the nature of a civil judgment.

2. While the findings of fact of a justice of the peace in taxing the costs of a criminal action against the prosecutor are reviewable in the Superior Court, the findings of the latter court are binding and not reviewable here.

3. An appeal does not lie in behalf of the State from the judgment of the Superior Court declining to tax a prosecutor with costs in a justice's court, nor from the finding of the Superior Court Judge that

the person taxed by the justice with the costs as prosecutor was not such.

4. In a case in which a justice of the peace has final jurisdiction the State can in no event be taxed with the costs.

IN A CRIMINAL ACTION, tried before a Justice of the Peace, the defendant, being taxed with the costs as prosecutor, appealed to the Superior Court, and *Timberlake, J.,* at Fall Term, 1896, of BEAUFORT Superior Court, reversed the judgment of the Justice and the State appealed.

*Messrs. Attorney-General Zeb V. Walser* and *J. H. Small,* for the State (appellant).

*Mr. Charles F. Warren,* for the defendant (prosecutor).

CLARK, J. : Taxing the prosecutor in a criminal action with costs is in the nature of a civil judgment, from which an appeal lies in his behalf from the Justice of the Peace. *State* v. *Powell,* 86 N. C., 640; cited with approval in *In re Deaton,* 105 N. C., 59; *The Code,* Section 875.

But while the findings of fact by the Justice in such cases are reviewable in the Superior Court, the findings of facts by the Superior Court are conclusive and not reviewable in this court. *State* v. *Taylor,* 118 N. C., 1262. *State* v. *Hamilton,* 106 N. C., 660. The reason for the distinction is pointed out in *In re Deaton,* 105 N. C., 59 (on pp. 62, 63).

Besides, no appeal lies in behalf of the State from the Superior Court declining to tax the prosecutor with costs, and still less from the Judge's finding of fact that the person taxed by the Justice of the Peace as prosecutor was not such. The right of the State to appeal in criminal actions is regulated by Statute which restricts it to the cases enumerated in *The Code,* Sect. 1237; *State* v. *Moore,* 84 N. C., 724. But since the judgment is in the nature of a civil

judgment, a better reason why the State cannot appeal in this case is that it has no interest, for in a case of which a Justice has final jurisdiction the State can, in no event, be taxed with the costs, and the failure to tax them to the prosecutor does not cast them upon the State. *The Code,* 895; *Merrimon* v. *Comm'rs,* 106 N. C., 369; *State* v. *Shuffler,* 119 N. C., 867.

Appeal Dismissed.