## STATE v. W. A. WHITLEY.

(Decided November 9, 1898.)

### *Frivolous Prosecution—Costs.*

Where there is some evidence to support the order of the trial Judge in imposing the costs upon the prosecutor, upon an acquittal, on the ground that the prosecution was frivolous and malicious and not warranted by the public interest—the judgment will not be reviewed.

INDICTMENT for disposing of crop before paying rent, tried before *Robinson, J.*, and a jury, at August Term, 1898, of DUPLIN Superior Court.

The defendant was acquitted, and his Honor imposed the costs upon the prosecutor W. H. Williams, on the ground that the prosecution was frivolous and malicious and not required by the public interest. There was some evidence that such was the case. The prosecutor excepted and appealed.

*Messrs. Stevens & Beasley*, for appellant.
*Mr. Zeb V. Walser, Attorney General*, for the State.

FURCHES, J.:   The defendant was a tenant of W. H. Williams (the prosecutor) in 1897, and is indicted under the statute for moving  the crop  raised by  him without giving the five days  notice required by  law, and before the  rental and advances  made by  the landlord were paid.    The defendant was acquitted, and Williams was marked as prosecutor  and taxed with the costs.    From this order Williams appeals to this Court; and while the State cannot appeal from a general verdict of not guilty, a party taxed with the costs, as prosecutor, may.  *State* v. *Morgan*,   120 N. C., 563;  *State* v. *Powell*,  86 N. C., 640.    But in such appeals, this Court cannot review and correct any errors committed by the court  on the trial, if such errors should appear.    Nor can this Court re- view the findings of fact by the court,  upon which the prosecutor is taxed with the costs.    *State* v. *Morgan* and *State* v. *Powell, supra*.    Nor can this Court review the judgment of the court below upon the weight of the evi- dence or sufficiency of the evidence,  showing that the prosecution was frivolous or malicious (as either will justify the  court in  making the order) unless it should appear that there was no evidence.

In this case, there are no specific findings of fact by the court, but all the evidence offered on the trial is sent up in the record.   And the prosecutor Williams con- tends that this evidence does not prove or show malice. The defendant Whitley testified:  ''I was to pay 1,000 pounds of seed cotton.   Nothing said at the time about delivery at Pierce's gin.   Had one and a half acres in cotton and four or five acres in corn—all very poor.   My horse gave out in May.   I picked out 292 pounds of cot- ton.   The cows ate some.   I did not dispose of any.   I offered him the corn.   He said he did not want the corn and fodder, and said he was going to indict me; that he

had $50 to spend on me.   I did not make a bale of cotton."

Taking this evidence to constitute the special finding of the court, we cannot say that there was no evidence to support the order of the court in taxing the prosecutor with the costs.

Such orders must depend, to a very great extent, upon the judgment of the court trying the case, who sees and hears all that is said and done.   The judgment is

Affirmed.