STATE v. PARKER.

(Filed December 19, 1903).

CORROBORATION OF WITNESSES—*Witnesses—Rule 27—Evidence—
    Instructions—Trial—Rape.*

> Where corroborative evidence is introduced, it is the duty of the
> trial judge, without any request, to instruct the jury fully
> as to the use they are permitted to make of such evidence.

INDICTMENT against John Parker, heard by *Judge W. R.
Allen* and a jury, at May Term, 1903, of the Superior Court
of DURHAM County. From a verdict of guilty and judg-
ment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Jones Fuller,* for the defendant.

MONTGOMERY, J. The crime of which the prisoner has
been convicted—rape upon a little girl of less than ten years
of age—is a most unusual one and most revolting. The
evidence is not before us. It would be difficult to imagine
a case in which the rules (1) that the evidence should be
such as to satisfy the jury beyond a reasonable doubt of the
defendant's guilt, (2) that none but competent evidence
should be received by the Court, and (3) that evidence com-
petent for a special or restricted purpose should be confined
to that end and clearly explained by the Court to the jury
than the present case. The only exception that appears in
the record is one directed to the alleged failure of his Honor
to properly instruct the jury in respect to certain evidence
that was offered and received as corroborative in its nature.
The prosecutrix had been examined as a witness for the
State. The Solicitor then put in evidence the examination

134——14

of the prosecutrix, taken by the justice of the peace, D. C. Gunter, when the matter was being investigated by him, "for the purpose of corroborating the prosecutrix." The Solicitor then introduced W. A. Cobb "for the purpose of corroborating Lilly Lyon," who testified substantially that he was a policeman of the city of Durham, and that on the evening of February 22, 1902, about ten days after the crime was said to have been committed, at the home of the mother of the prosecutrix, the prosecutrix told him that the prisoner came to her home and hired her to go with him to his home to wait on his wife, who was then sick; that he started with her and took her out of the way into the woods and then violently and against her will ravished her; that he then carried her to his home and on the next day took her with him to the same woods and did the same thing to her." If the above was all that there is in the case there would be no error in the proceeding, for we must presume, nothing to the contrary appearing in the record, that the prosecutrix when on the witness stand had been assailed on her cross-examination to such a degree as to amount to an attempt to impeach her credibility, or that witnesses had been introduced by the defendant for that purpose. But after the case was made out and agreed upon by the Solicitor and the counsel of the prisoner, counsel applied to the Judge who tried the case for an amendment to the statement of the case on appeal, so that it might appear that his Honor did not explain to the jury in the charge that the statement referred to in the evidence of Gunter and the evidence of Cobb was to be considered as corroborative evidence only. His Honor stated that he could not say with certainty whether he did so or not, but that he was willing for Mr. Foushee (acting Solicitor) to make the amendment, if he thought proper to do so, provided the statement was made as follows: "Upon objection being made to the statement referred to in the evidence of Gunter and to the evidence of

Cobb, the Court stated in the presence of the jury that the evidence would be admitted only as corroborative of the evidence of the prosecutrix. In the charge to the jury the Court recited the evidence of the prosecutrix and said substantially: 'The State contends that the jury ought to believe her, etc., and that she is corroborated.' The State says that she made the same statement before to Gunter and to Cobb, and that these statements corroborate her evidence upon the stand. In other words, the State argues that she made the same statement before, and that this should lead the jury to believe what she now testified to." We are of the opinion that upon the amendment made to the case on appeal, in the language required by his Honor, the jury was not properly instructed upon the matter of the corroborative evidence of Gunter and Cobb. Of course, when the evidence was introduced, and when it was received as corroborative evidence, it was in the presence of the jury, for it was for their consideration, but that did not satisfy the demands of the law. In *Sprague v. Bond,* 113 N. C., 551, the evidence there introduced was only competent for the purpose of corroboration, and that was conceded when it was offered, and for that purpose alone did his Honor admit it. The Court there, discussing the same question which had been decided in *Bullinger v. Marshall,* 70 N. C., 520, said: "The learned Justice who delivered the opinion of the Court in that case was evidently loth to yield to this innovation, as he considered it, foreseeing, as he no doubt did, that it would be most difficult to restrain the effect of such evidence and prevent it from operating on the minds of the jury as substantive proof of the facts in dispute. Because there is this danger of its exercising an improper influence on the jury, it is incumbent on the Judge presiding at the trial, where such corroborative evidence is introduced, to see to it, even without any request for special instructions, that the jury fully understand the

use they are permitted to make of it, and we must hold that the failure to caution them in this particular when such a request is made, as was done by the defendants here, entitled them to a new trial." It is true that in the case before us there was no exception taken in the trial below to his Honor's failure to further instruct the jury on the matter under discussion; and it was not called to the attention of the Court at the time he was delivering the charge nor in the motion for a new trial. It was, however, incumbent on him to do so without any special request at the hands of counsel, as we have seen in the case of *Sprague v. Bond, supra;* and if it was incumbent on him to have done so without a special request to that end, then his failure to do so, that fact appearing before us, was error. This is a life and death matter, and we cannot agree that evidence which was purely corroborative, should have been received on the trial as corroborative evidence, and then submitted to the jury without a sufficient explanation of the nature and character of that kind of evidence, simply because counsel omitted to make a special request for that purpose. But again, upon the amendment as allowed by his Honor it is apparent that the *evidence* of the prosecutrix was the matter corroborated and not the witness. The evidence of a witness cannot be strengthened, cannot be corroborated by the repetition of the same statement made to others at different times. A falsehood may be as often repeated as the truth; and corroborative evidence of this kind has no force as substantive evidence to prove the facts, but only to remove the imputation which has been cast upon the witness upon his cross-examination, or by an attack upon his credibility by other witnesses. *Associate Justice Reade,* in the case of *State v. Parish,* 79 N. C., 610, said: "It is like to evidence of character which only affects the *witness."* That Judge further said in the same case: "The rule is that when the witness is impeached (observe that when the *witness*

is impeached), it is competent to support the witness by prov-
ing consistent statements at other times, just as a witness is
supported by proving his character, but it must not be con-
sidered as substantive evidence of the truth of the facts any
more than any other hearsay evidence.   The fact that sup-
porting a *witness* who testifies does indirectly support the
facts to which he testifies does not alter the case.   That is
incidental.   He is supported not by putting a prop under
him, but by removing a burden from him, if any has been put
on him.   How far proving consistent statements will do that
must depend upon the circumstances of the case.   It may
amount to much or very little."   It appears further upon the
amendment that his Honor did not say one word himself to
the jury as to the nature and meaning of corroborative evi-
dence.   He only called attention to the *argument* and the *con-
tention* of the counsel for the State, without instructing them
as to whether that argument and contention embraced the law
as it should have been given.   The jury never got his explana-
tion of corroborative evidence.   They got only the contention
of the State, that contention being, as we have seen, not the
law.   It made no difference that counsel for the prisoner and
the Solicitor for the State argued the evidence of Cobb and
Gunter as corroborative evidence.   His Honor not having ex-
plained what such evidence meant, the jury had to choose be-
tween the strength and soundness of the arguments and con-
tentions of the respective counsel.   They should have had the
guidance under the law of his Honor.

New trial.

CLARK, C. J., dissenting.   The prisoner was convicted of
a most revolting crime, but this Court felt compelled to grant
a new trial upon a technical ground that could hardly be con-
ceived to have affected the verdict.   *State v. Parker,* 132
N. C., 1014.   Again convicted, the prisoner again asks a

new trial upon the purely technical ground that the Judge in his charge to the jury did not tell them that certain evidence was offered as corroborative and not as substantive testimony, though the Solicitor had so stated when the testimony was offered, and the Judge stated in the presence of the jury that he admitted it only as corroborative and not substantive testimony, and in his charge to the jury told them that the State relied on such evidence as corroborative of the testimony of the prosecutrix. Every presumption is in favor of the correctness of the proceedings below, and appellate courts should not be astute to find reasons for a new trial. It should plainly appear that the appellant was prejudiced by the alleged error, and that but for such error in all reasonable probability the conviction would not have occurred. There have been decisions, it is true, of recent origin that the Judge in his charge to the jury should single out the corroborative testimony and tell the jury that it is corroborative and not substantive, but certainly failure to do so should not be held reversible error unless the attention of the Court was called to it by a prayer to so instruct, especially when, as in this case, the Judge and Solicitor both stated, when the evidence was introduced, that it was merely corroborative, and the Judge in his charge to the jury stated that the State relied upon such evidence as corroborative of the evidence of the prosecutrix. By virtue of an amendment to Rule 27 this Court will henceforward hold it not reversible error to fail to repeat in the charge that the evidence is merely corroborative when it is so stated on its admission, unless specifically prayed to so charge. The rule heretofore held is not a vested right, and a failure to observe it should not, in the absence of all other ground of exception, authorize us to set aside this second time the solemn verdict and judgment of the trial court.

Besides, no exception of this kind was taken at the time or appeared in the case as first settled by the Judge. Finally

yielding to the importunity of counsel for the prisoner, the Judge admitted an amendment, saying, after a lapse of months, "I cannot say with certainty whether I did so or not," *i. e.,* charge that the evidence was to be considered as corroborative only. As he could not recollect, he certainly could not authorize an amendment that he did not so charge. If it was error, and even prejudical error, to fail to charge upon the corroborative evidence more explicitly, such failure should have positively and affirmatively appeared, and the failure of the Judge merely to recollect, after a great lapse of time, "whether I did so (charge) or not," should not be taken as proof that he did not. A trial is too solemn and expensive a matter to have a conviction, especially a second conviction, set aside because the Judge could not recollect whether a certain phrase, which would not have affected the verdict in all human probability, was positively and certainly used by him.

In *State v. Powell,* 106 N. C., 635, it was held that, while the Court should instruct the jury that corroborative evidence should not be considered in any other light, yet unless it affirmatively appeared that this was not done, it will be presumed that it was. This was reiterated and re-affirmed. *State v. Brabham,* 108 N. C., 796; *Byrd v. Hudson,* 113 N. C., 211. Here no exception for failure to so charge was made till after the case on appeal had been settled. It should have been called to the attention of the Court by a prayer to charge. Even if an exception for failure to so charge had been set out in the prisoner's case on appeal, the recollection of the Judge would have been fresh. But if the mere fact that after the lapse of months he cannot recollect positively "whether he did so charge or not" should be allowed hereafter, as in this case, as valid ground for a new trial, few verdicts, especially in State cases, will stand. It is too much to expect trial Judges to carry such details in their memories.