STATE AND LARRY EDMUNDSON v. BEN BAILEY.

(Filed 19 March, 1913.)

1. Appeal and Error—Failure to Work Roads—Judgments—Cost.

Proceedings for failure to work the public roads are of a civil nature, from which an appeal lies in favor of the prosecutor, who has been taxed with costs.

2. Same—Presumptions—Evidence.

Where the Superior Court affirms the judgment of a justice of the peace in proceedings for failure to work the public roads, and an appeal is taken to the Supreme Court, without a statement of the case on appeal by the prosecutor, who has been taxed with the costs, the presumption is in favor of the judgment appealed from; and as the findings of fact of the Superior Court judge are conclusive, if there is evidence to support them, it must be shown by the appellant that there was no such evidence.

3. Appeal and Error—Justice's Court—Failure to Work Roads—Costs—Superior Court—Facts Reviewed.

On appeal from the judgment of a justice of the peace taxing the prosecutor with costs, in proceedings for failure to work the public roads, the findings of fact of the justice are reviewable by the Superior Court judge.

4. Appeal and Error—Superior Court—Failure to Work Roads—Judgment—Costs—Affirmance of Findings—Presumptions.

Where in proceedings for failure to work the public roads, the Superior Court judge affirms the judgment rendered before a justice of the peace in the defendant's favor, it is an approval

S. v. BAILEY.

of the findings of fact as well as the conclusions of law; and where the justice of the peace has taxed the prosecutor with costs upon findings that there was no reasonable ground for the prosecution, or that it was not required by the public interest, or that the prosecution was frivolous or malicious, it is not necessary that the Superior Court judge restate these findings in affirming the judgment.

APPEAL from *Carter, J.,* at January Term, 1913, of WAYNE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*W. C. Monroe and G. E. Hood for appellant.*

CLARK, C. J. The defendant was tried before a justice of the peace upon complaint of Larry Edmundson, road overseer, for failure to work the public roads. The justice found the defendant not guilty and "adjudged that the plaintiff, Larry Edmundson, is guilty of malicious prosecution, and that he pay the costs." The prosecuting witness appealed. In the Superior Court it was adjudged, "Judgment of the justice of the peace affirmed." The prosecuting witness then appealed to this Court.

This proceeding is in the nature of a civil judgment, from which an appeal lay in behalf of the prosecutor from the justice of the peace to the Superior Court. *S. v. Morgan,* 120 N. C., 563; *S. v. Powell,* 86 N. C., 640. While the findings of fact by the justice of the peace are reviewable in the Superior Court, the findings of fact by the Superior Court are conclusive and not reviewable in this Court. *S. v. Morgan,* 120 N. C., 563; *S. v. Lance,* 109 N. C., 789; *In re Deaton,* 105 N. C., 59; *S. v. Dunn,* 95 N. C., 697.

There is no case on appeal, and upon the face of the record there is no error apparent, and the judgment must be affirmed. *Lumber Co. v. Branch,* 150 N. C., 110; *S. v. Lewis,* 145 N. C., 585; *Gaither v. Carpenter,* 143 N. C., 241. If there had been a case on appeal, and the evidence had been set out, the Court could not disturb the findings of fact by the judge below, unless it appeared that there was no evidence. In reference cases it

has been often held that where the judge affirms the report of the referee it must be taken that he adopts his finding of fact, and it is not necessary that he should set out the evidence again. *Dunavant v. R. R.,* 122 N. C., 999; *Morisey v. Swinson,* 104 N. C., 555; *Battle v. Mayo,* 102 N. C., 413.

The prosecutor relies upon *S. v. Roberts,* 106 N. C., 663, where it is held that the prosecutor cannot be taxed with the costs unless the court shall entertain and express the opinion that there was no reasonable ground for the prosecution, or it was not required by the public interest, or shall adjudge that the prosecution was frivolous or malicious. But here the justice of the peace so found, and the judge of the Superior Court, upon hearing the appeal, affirmed that judgment. This is making the same finding of fact and law, and it was not necessary to duplicate the words used by the justice. The meaning of the court is clear, and such finding is conclusive and not appealable. *S. v. Hamilton,* 106 N. C., 660, and cases cited in the Anno. Ed.

In *S. v. Morgan,* 120 N. C., 564, it was held that while the findings of fact by the justice of the peace in taxing the costs against the prosecutor are reviewable in the Superior Court the findings of the latter court are not reviewable here. In *S. v. Taylor,* 118 N. C., 1262, the same ruling is made, and the Court adds: "As the judge below does not set out the facts upon which he founded his judgment, we must take them as being sufficient to justify his judgment."

The judgment of the Superior Court affirming the judgment of the justice of the peace is an approval of the findings of fact as well as the judgment of law of the justice. We presume that the judge examined the evidence on the appeal. He could not well have entered judgment without doing so, and the presumption of law is in favor of the regularity of the proceedings below (*Graves v. R. R.,* 136 N. C., 7; *Felmet v. Express Co.,* 123 N. C., 499), and the burden is on the appellant to show error. *Bowers v. Lumber Co.,* 152 N. C., 604.

If the appellant had intended to present the point that the judge heard no evidence, or that there was no evidence to support his judgment, he should have presented that matter by

stating a case on appeal. He has not done so, and it was not denied in this Court that in fact the judge heard the evidence before pronouncing judgment.

No error.

---

*State and Larry Edmundson v. Hadie Edmundson,* No. 210, from WAYNE, presents the same state of facts, and is governed by the opinion in this case.

No error.