STATE v. J. M. JENKINS.

(Filed 26 October, 1921.)

1. **Criminal Law—Newly Discovered Evidence—New Trial.**

   The court will not grant a new trial after verdict for newly discovered evidence in a criminal case.

2. **Criminal Law—Recent Possession—Trials—Evidence—Questions for Jury—Statutes.**

   Where the prosecutor's goods have been stolen two days before, they are found in the defendant's possession, with conflicting evidence upon the question of his having stolen them, the case can only be determined by the jury, and the defendant's motion to dismiss, C. S., 4643, must be denied.

3. **Criminal Law—Instructions—Newly Discovered Evidence—Presumptions—Appeal and Error.**

   Where the defendant was being tried for larceny, and the question of "recent possession" had arisen, a mere technical error in the use of an expression as to the burden being upon the defendant of explaining his possession of the stolen articles will not be held reversible error when the court placed upon the State the burden of showing the defendant's guilt beyond a reasonable doubt, and emphasized this part of the charge.

APPEAL by defendant from *Cranmer, J.*, at the April Term, 1921, of NORTHAMPTON.

The following is the bill of indictment: "The jurors for the State upon their oath present, that J. M. Jenkins, late of the county of Northampton, on 5 March, 1921, with force and arms, in said county a lot of bacon meat of the value of $25, the goods and chattels of G. B. Warren then and there being found, then and there did feloniously steal, take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that on the day and year aforesaid, in said county, the said J. M. Jenkins a lot of bacon meat of the value of $25, the goods and chattels of G. B. Warren, then and there being found, feloniously did have and receive, well knowing the same to have been feloniously stolen, taken and carried away, contrary to the statute in such case made and provided, and against the peace and dignity of the State."

The defendant upon conviction appealed to this Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Stanley Winborne, Lloyd J. Lawrence, and Brown Shepherd for defendant.*

ADAMS, J.: When the case was called for argument the defendant's counsel filed a motion for a new trial upon the ground of newly discovered evidence. The motion must be denied. In numerous decisions this Court has held that a new trial will not be awarded in a criminal action for newly discovered evidence; and in *S. v. Lilliston,* 141 N. C., 857, the *Chief Justice* said: "So the point is settled, if the uniform practice of this Court and its repeated and uniform decisions to the same effect can settle anything." *S. v. Register,* 133 N. C., 747; *S. v. Turner,* 143 N. C., 641; *S. v. Ice Co.,* 166 N. C., 403.

The defendant in apt time made a motion to dismiss the action as in case of nonsuit. C. S., 4643. Recapitulation of the testimony would serve no useful purpose, for it is plain that the controversy could be determined only by the verdict of the jury. At the trial there was evidence tending to show that on the night of 5 March, some one had broken into the prosecutor's smokehouse and had stolen six hams and six shoulders, which, on 7 March, were found in possession of the defendant; also evidence of various other circumstances tending to connect the defendant with the offense charged. The defendant testified, and introduced several witnesses in his behalf. An issue of fact was thus joined between the State and the defendant, and the court properly submitted to the jury the question of the defendant's guilt. In *S. v. Carlson,* 171 N. C., 823, it is said: "The motion to nonsuit requires that we should ascertain merely whether there is evidence to sustain the allegations in the indictment. The same rule applies as in civil cases, and the evidence must receive the most favorable construction in favor of the State for the purpose of determining its legal sufficiency to convict, leaving its weight to be passed upon by the jury."

There is an exception to the charge. The record contains this statement: "The court further charged the jury that one found in posses-

sion of stolen property recently after the commission of the theft is presumed to be the thief, but that this is a presumption of fact and not of law, and is weak or strong according to the facts and circumstances of the case; that one found in possession of goods recently stolen was called upon to account for or explain his possession by the evidence in the case and circumstances, but that this presumption arising from the possession of goods recently stolen could be rebutted and explained, and the burden was on the defendant to show to the satisfaction of the jury, if they found from the evidence beyond a reasonable doubt that the defendant was in the possession of the stolen meat, how he came into its possession; but he would not have to show it beyond a reasonable doubt nor by a preponderance of evidence, but merely to the satisfaction of the jury; and if the evidence in the case in explanation of such possession, or any evidence or circumstances, raised a reasonable doubt in the minds of the jury as to the guilt of the defendant that they would return a verdict of not guilty; and the court further charged the jury that before they could consider any presumption arising from what it called recent possession the jury would have to be satisfied from the evidence beyond a reasonable doubt that the meat found in the smokehouse of the defendant was the meat in question of the prosecuting witness, and that it had been stolen.

"The court further charged the jury that the defendant was presumed to be innocent, and that this presumption of innocence continued throughout the entire case, and that before they could convict the defendant they must be satisfied from the evidence beyond a reasonable doubt of his guilt, and that if they were so satisfied they would find him guilty, but if they were not so satisfied they should return a verdict of not guilty."

The court instructed the jury in effect that the prosecution was begun with a presumption of innocence in favor of the defendant, and throughout the trial the burden remained with the State to satisfy the jury beyond a reasonable doubt that the defendant was guilty of the offense charged in the indictment. That portion of the charge which imposed upon the defendant the burden of explaining possession of the stolen property to the satisfaction of the jury, considered alone, was technically incorrect. If, after they had considered all the evidence, the jury entertained a reasonable doubt of his guilt, the defendant was entitled to an acquittal; and such reasonable doubt may have existed although the jury may not have been satisfied with the defendant's particular explanation. However, by considering the charge in its entirety, "in the connected way in which it was given" (*S. v. Exum,* 138 N. C., 599), we observe that his Honor, after saying that the burden was on the State to satisfy the jury beyond a reasonable doubt of the defendant's guilt, gave the additional instruction that if the evidence in explanation of the defendant's

possession of the property, or any evidence or circumstances, raised a reasonable doubt as to the guilt of the defendant, the verdict should be not guilty. Upon consideration of the record we find no reversible error.

No error.