STATE v. HUZY JACKSON, Alias JIMMY CADOGER, Alias JIMMY CADOZIER.

(Filed 20 August, 1930.)

**1. Rape C b—Evidence of defendant's identity as person who committed crime held sufficient to be submitted to the jury.**

In a prosecution for rape where the prosecutrix positively identifies the defendant as the one who was guilty of the offense, there being ample evidence of the commission of the crime, and the defendant introduces contradictory evidence tending to prove an alibi, and the testimony of each is corroborated by other evidence, the credibility of the evidence is essentially for the jury, and under a trial free from error their verdict of guilty will be sustained on appeal.

**2. Criminal Law L g—Failure of court to charge that evidence introduced for restricted purpose be so considered by jury not error in absence of request.**

Where evidence is introduced only for the purpose of corroboration, and at the time of its introduction the court instructs the jury that it was to be considered only for that purpose and not as substantive evidence, his failure to likewise so instruct them in his charge is not reversible error in the absence of a request for an instruction to that effect. Rules of Practice in the Supreme Court No. 21.

**3. Criminal Law I l—In this case held: failure to instruct jury that defendant might be convicted of lesser degree of crime not error.**

Where all the evidence tends to show that the crime of rape was committed as alleged in the bill of indictment, and the defendant relies solely upon an alibi, and does not contend that he might be found guilty of a lesser degree of the crime, and introduces no evidence to that effect, and makes no request that the court instruct the jury thereon, the failure of the court to so instruct the jury will not be held for error, C. S., 4639, 4640, not applying.

**4. Criminal Law I g—In this case held: court did not express opinion as to weight and credibility of evidence.**

The use of the words "the evidence tends to show" by the trial court in his charge to the jury, applied both to the evidence for the State and for the defendant, is not an expression by him upon the weight and credibility of the evidence forbidden by C. S., 564.

11—199

**5. Criminal Law J d—Motion for new trial in criminal case for newly discovered evidence is addressed to discretion of court.**

Defendant's motion for a new trial in a criminal prosecution on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and the refusal of the motion is not reviewable on appeal.

**6. Rape C a—Indictment in this case held sufficient, and motion in arrest was properly denied.**

The refusal by the court of the defendant's motion in arrest of judgment on the ground that the indictment was fatally defective, made after verdict of guilty of the crime of rape, will not be held for error on appeal where the alleged defects are the failure of the indictment to describe the prosecutrix as a "female" and to allege that the crime was committed "by force," the indictment alleging that the defendant "with force and arms . . . in and upon C. . . . violently and feloniously did make an assault, and . . . violently and against her will," etc.

**7. Criminal Law K e—Judgment in capital case must be written and signed by trial judge.**

The entry of judgment of the court on the verdict of guilty of a capital felony by the clerk of the court on its minutes and signed by the judge is not a sufficient compliance with the provisions of C. S., 4659, its mandatory provisions requiring the judgment to be written and signed by the judge, and where it appears of record that he has failed so to do the case will be remanded.

BROGDEN, J., concurring; CLARKSON, J., concurring in concurring opinion.

APPEAL by defendant from *Stack, J.,* at September Term, 1929, of ROWAN.

No error in the trial; remanded for judgment on the verdict in accordance with the provisions of C. S., 4659.

This is a criminal action in which the defendant was tried on his plea of not guilty to an indictment returned by the grand jurors for the State, at September Term, 1929, of the Superior Court of Rowan County, charging that defendant "on 27 July, A. D. 1929, with force and arms, in the county aforesaid, in and upon Mrs. W. H. Canup, in the peace of God and the State, then and there being, violently and feloniously, did make an assault, and her the said Mrs. W. H. Canup, then and there violently and against her will, feloniously did ravish and carnally know, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

There is a count in the indictment also charging that defendant, on said day, and in said county, "in and upon the said Mrs. W. H. Canup, a female in the peace of God and the State, then and there being, unlawfully, violently and feloniously did make an assault with intent to commit rape upon the body of her, the said Mrs. W. H. Canup, and with intent her, the said Mrs. W. H. Canup, violently by force and

against her will, then and there, feloniously to ravish and carnally know, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

There was a verdict that defendant is guilty of rape.

From judgment that defendant suffer death by means of electrocution, as provided by statute, C. S., 4657, defendant appealed to the Supreme Court, assigning errors in the trial, and also error in the judgment.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*T. L. Kirkpatrick and B. G. Watkins for defendant.*

CONNOR, J. There was evidence at the trial of this action, offered by the State and submitted to the jury by the court, without objection by the defendant, sufficient in its probative force to sustain the verdict that defendant is guilty of rape, as charged in the indictment. This evidence was sufficient to show not only that the crime of rape was committed as alleged in the indictment, but also that the defendant is the man who committed the crime, as is also alleged therein.

The evidence offered by the defendant, and also submitted to the jury by the court, tending to show that defendant is not the man who committed the crime of rape, which all ·the evidence tended to show was committed as alleged in the indictment, was sufficient in its probative force to sustain the contention of the defendant that he is not guilty. This evidence tended to contradict the testimony of the prosecutrix, identifying the defendant as the man who committed the crime and also tended to show that defendant, at the time the crime was committed, was not present, but was elsewhere. There was evidence tending to corroborate both the prosecutrix as a witness for the State, and the defendant, as a witness in his own behalf.

The credibility of the conflicting testimony as to the identity of the defendant as the man who committed the crime, was essentially a matter for the jury. In her testimony at the trial, the prosecutrix positively and without equivocation identified the defendant as her assailant. On the other hand, the defendant testified that at the time the State contended the crime was committed, he was at a place some five or six miles from the scene of the crime. If the jury found the facts to be as the evidence for the State tended to show, and so found beyond a reasonable doubt, as their verdict shows they did, the only verdict which they could have returned, was that defendant is guilty of rape. If, however, the jury had accepted the testimony of the defendant as true, or if the jury, upon consideration of all the evidence, had had a reasonable doubt as to the identity of defendant as the man who committed the crime, they should,

and under the charge of the court, they would have returned a verdict of not guilty. In its charge to the jury, the court fully and correctly instructed them in accordance with these principles.

Defendant's objections to certain evidence offered by the State for the purpose of corroborating the prosecutrix, as a witness for the State, were properly overruled. At the time this evidence was admitted, the court instructed the jury that the evidence was not substantive evidence, but was offered only for the purpose of corroborating the testimony of the prosecutrix, and should be considered by the jury only for that purpose. In the absence of a prayer that the court instruct the jury, in its charge, that this evidence was only for the purpose of corroborating the prosecutrix, and should not be considered by the jury as substantive evidence tending to prove the facts involved in the issue to be as contended by the State, there was no error in the failure of the court to so instruct the jury in its charge. The rule to the contrary in accordance with which a new trial was ordered in *S. v. Parker,* 134 N. C., 209, 46 S. E., 511, has been superseded by Rule 21, Rules of Practice in the Supreme Court of North Carolina, 192 N. C., at page 849. The rule now is that "when testimony is admitted, not as substantive evidence, but in corroboration or contradiction, and that fact is stated by the court when it is admitted, it will not be ground for exception that the judge failed in his charge to again instruct the jury specially upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; nor will it be ground for exception that evidence competent for some purposes but not for all, is admitted generally, unless the appellant asks, at the time of admission that its purpose shall be restricted."

At the trial of this action, there was no request by the defendant that the court instruct the jury that under the indictment upon which defendant was on trial, if the jury should fail to find that defendant is guilty of rape, as charged in the indictment, or that he is guilty of an assault with intent to commit rape, as is also charged therein, they could, in accordance with the provisions of C. S., 4639 and C. S., 4640, return a verdict that defendant is guilty of an assault with a deadly weapon, or of an assault upon a female, or of a simple assault. It is apparent from the record that no contention to this effect was made by the defendant or in his behalf at the trial, for the reason that all the evidence, if believed by the jury, showed that the crime of rape was committed as alleged in the indictment. No contention to the contrary was made by the defendant, on his cross-examination of the prosecutrix, or of the witnesses for the State. He offered no evidence in support of such contention. For his defense, defendant relied solely upon an alibi. *S. v. Williams,* 185 N. C., 685, 116 S. E., 736, where it was held that the

refusal of the trial judge to give the instruction requested by the defendant in that case, does not sustain the contention of the defendant in the instant case, that there was error in the failure of the court to so instruct the jury. Where all the evidence at a trial upon an indictment for rape shows that the crime was committed, as alleged in the indictment, and the defendant makes no contention to the contrary, but for his defense relies solely upon an alibi, the principle upon which a new trial was ordered in *S. v. Williams, supra,* does not apply. C. S., 4639 and C. S., 4640, are applicable only where there is evidence tending to show that defendant is guilty of a crime of lesser degree than that charged in the indictment. See *S. v. Hardee,* 192 N. C., 533, 135 S. E., 345, *S. v. Holt,* 192 N. C., 490, 135 S. E., 324, *S. v. Allen,* 186 N. C., 302, 119 S. E., 504.

The contention of the defendant that by the use of the words "tends to show," in referring to the evidence offered by the State, in his charge to the jury, the trial judge violated the provisions of C. S., 564, cannot be sustained. The judge used the identical words in referring to the evidence offered by the defendant. He did not thereby give an opinion either as to the credibility or as to the probative force of the conflicting evidence, which he was stating to the jury as he was required to do by the statute. In his charge to the jury in *Lewis v. R. R.,* 132 N. C., 382, 43 S. E., 919, the judge, referring to the substance of the testimony of certain witnesses, used the expressions, "the evidence tends to show," and "evidence tending to show." On defendant's appeal to this Court, it was contended that this was error. The contention was not sustained. In the opinion in that case, it is said: "We see no valid objection to the expressions complained of. They do not imply an opinion on the part of the judge that any fact was fully or sufficiently proved."

After full and careful consideration of his assignments of error relied upon by defendant on his appeal to this Court, and based upon his exceptions to the rulings of the court upon his objections to evidence offered by the State, and upon his exceptions to instructions of the court to the jury, in the charge, we fail to find any error for which defendant is entitled to a new trial. The verdict is supported by evidence offered by the State, and submitted by the court to the jury under a charge which is free from error. It is true, as earnestly contended by his counsel, that the evidence offered by defendant in support of his defense based upon an alibi, is of such character, as to justify their efforts in his behalf, both at the trial and on the appeal to this Court. We find nothing, however, in the record certified to this Court, on defendant's appeal, to sustain the contention of defendant's learned and diligent counsel that he has not had a fair trial in accordance with the laws of this State. We cannot, therefore, in the exercise of our jurisdiction

as an Appellate ·Court, hold that defendant is entitled to a new trial for errors committed by the trial judge during the trial which has resulted in the .verdict that defendant is guilty of rape. We find no error in the trial, and, therefore, we cannot order that the verdict be set aside.

After the verdict was returned, and before judgment was rendered, the defendant moved in the court below for a new trial, contending that after the verdict was returned he had, by the aid of his counsel, discovered· evidence, which supported his contention that he was not at the home of the prosecutrix, when the crime was committed, and which contradicted the testimony of a witness for the State, which was offered at the trial as tending to show that he was the man who committed the crime. Defendant's counsel in support of their motion offered affidavits of persons whose testimony was relied upon as the newly discovered evidence. The judge in his discretion denied defendant's motion, and defendant excepted. The assignment of error based on this exception cannot be sustained. A motion made before the trial judge in the Superior Court, after the trial of the issue in a criminal action, resulting in a verdict of guilty, for a new trial on the ground of "newly discovered evidence," is addressed to the discretion of the trial judge, and his action upon the motion will not be reviewed on defendant's appeal to this Court, except in a case showing gross abuse of the discretion vested in him. Upon consideration of the affidavits appearing in the record, showing the nature of the evidence which defendant's counsel discovered after the verdict was returned, we cannot hold that the learned judge abused his discretion when he refused to allow defendant's motion. Upon authoritative decisions of this Court, we must decline to review the action of the judge, refusing to grant a new trial on the ground of newly discovered evidence. The judge made no findings of fact upon which he ruled adversely to defendant, but conceding that the facts are as stated in the affidavits, we cannot hold that there was error in the refusal of the judge to allow the motion. In *S. v. Trull,* 169 N. C., 363, 85 S. E., 133, it is said: "The refusal of the court to grant a new trial for newly discovered testimony rested in his discretion, and is not reviewable. *S. v. Jimmerson,* 118 N. C., 1173, 24 S. E., 494, *S. v. DeGraff,* 113 N. C., 690, 18 S. E., 507, *S. v. Morris,* 109 N. C., 821, 13 S. E., 877. The findings of fact by the court are not reviewable. *S. v. DeGraff, supra, S. v. Morgan,* 120 N. C., 563, 26 S. E., 634, · *S. v. Lance,* 109 N. C., 789, 14 S. E., 110; *S. v. Dunn,* 95 N. C., 697." See, also, *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629, where it is said: "It is the settled rule of practice with us, established by a long and uniform line of decisions, that ·new trials will not be awarded ·by this Court in criminal prosecutions for newly discovered evidence. *S. v. Williams,* 185 N. C., 643, p. 664, 116 S. E., 570, *S. v. Jenkins,* 182 N. C., 818,

108 S. E., 767, *S. v. Lilliston,* 141 N. C., 857, 54 S. E., 427, and cases there cited. Such motions may be entertained in the Superior Court, at least during the term at which the case was tried, and allowed or not, in the discretion of the presiding judge, and ordinarily, the action of the trial court and his findings of fact on such motion are not subject to review on appeal."

Defendant's motion in arrest of judgment made in the Superior Court, after the return of the verdict, for that the indictment was fatally de-. fective was denied. In this there was no error. The defects alleged are the failure to describe the prosecutrix as a "female" and to allege that the crime was committed "by force." The contention made on behalf of the defendant in this case is identical with that made in *S. v. Laxton,* 78 N. C., 564. The decision in that case is an authority supporting the refusal of the court in the instant case to allow the motion in arrest of judgment. The decision in *S. v. Marsh,* 132 N. C., 1000, 43 S. E., 828, cited and relied upon by defendant is not applicable. This is readily apparent upon a comparison of the indictment in that case with the indictment in the instant case.

It appears from the record on this appeal that the judgment of the court was entered on the minutes by the clerk, and that the minutes were thereafter signed by the judge. The judgment is as follows: "It is ordered by the court that the defendant be conveyed by the sheriff of this county to the State Prison at Raleigh, and there delivered to the warden of the State Prison and the warden is ordered to cause sufficient electricity to pass into the body of said defendant to cause his death, and this shall take place between the hours of 10 a.m. and 2 p.m., on 30 October, 1929." It does not appear that the judgment of the court on the verdict of the jury was in writing, or that said judgment was filed in the papers in the case against the defendant, to the end that a certified copy thereof might be transmitted by the clerk to the warden of the State Penitentiary at Raleigh, North Carolina, as his authority to execute the judgment. The requirements of the statute (C. S., 4659) are mandatory and we cannot hold that the statutory provisions have been complied with in this case. We, therefore, order that this action be remanded to the Superior Court of Rowan County that a judgment may be rendered by said court in compliance with the statute. The requirements of the statutes by virtue of which this defendant must suffer death by means of electrocution, as the punishment prescribed by law for the crime committed by him, as found by the jury, must be strictly observed.

We think it but just to the defendant to say that there was no evidence at the trial of this action tending to show that the defendant had at any time represented that his name was "Jimmy Cadoger" or "Jimmy

Cadozier." When he was arrested, he informed the officers, to whom he was a stranger, that his name was "Huzy Jackson." He testified, without contradiction, that he had never been called either "Jimmy Cadoger" or "Jimmy Cadozier." A witness for the State, whose testimony was sharply contradicted by the defendant, and who testified that he saw the defendant near the home of the prosecutrix a short time before the crime was committed, had informed the officers that the name of the defendant was "Jimmy Cadoger" or "Jimmy Cadozier." There was evidence tending to show that this witness knew a man, who lived in South Carolina, whose name was "Jimmy Cadoger" or "Jimmy Cadozier." Defendant contended that this was the man, and not the defendant, whom the witness saw near the home of the prosecutrix, a short time before the commission of the crime. The jury, however, failed to sustain this contention.

We find no error in the trial, but in accordance with this opinion, and for the purpose stated therein, the action is

Remanded.

BROGDEN, J., concurring: It is suggested in the brief of the defendant that he could have procured other evidence in support of his motion for a new trial upon newly discovered evidence, but was prevented from so doing by lack of time. The opinion of this Court remands the "action" for judgment. Hence there is no final judgment and it may be that the rights of the defendant to renew his motion in the trial court, before judgment, are not precluded or destroyed. *Allen v. Gooding*, 174 N. C., 271.

CLARKSON, J., concurs herein.