## STATE v. GUS COLIN LANGLEY.

(Filed 14 June, 1933.)

1. **Homicide B a—**

    Evidence tending to show that defendant killed the deceased with a deadly weapon while attempting to perpetrate a robbery is sufficient to be submitted to the jury on the issue of first degree murder, C. S., 4200, the credibility and probative force of the evidence being for the jury.

2. **Homicide G e—Evidence of defendant's guilt of murder in the first degree held sufficient to be submitted to the jury.**

    Testimony of a witness, corroborated by other testimony, that defendant told him while both were in the county jail that defendant had killed the deceased and had prepared an alibi, with testimony of the witness's good character for truth and honesty, and testimony of the dying declaration of the deceased that he was killed by persons attempting to rob him, is *held* sufficient to be submitted to the jury on the issue of defendant's guilt of first degree murder, although defendant introduced testimony of himself and several witnesses that he was in another city the night the crime was committed, the conflicting testimony being for the determination of the jury.

3. **Criminal Law L e—**

    The verdict of the jury, based upon correct and full instructions from the court, must stand as returned by the jury and recorded in the minutes of the court, and it may not be disturbed or set aside by the Supreme Court on appeal.

4. **Homicide H f—Judgment upon conviction of first degree murder should recite the degree of murder for which sentence is entered.**

    Where in a prosecution for murder the jury returns a verdict of guilty of murder in the first degree, the judgment of the court, which alone is certified to the warden of the State prison, C. S., 4658, 4659, 4660, must recite that the defendant had been convicted of murder in the first degree, and where it recites that the prisoner had been convicted of murder, and sentences the prisoner to death by electrocution, the case will be remanded for the rendition of a proper judgment upon the verdict.

APPEAL by defendant from *McElroy, J.,* at December Term, 1932, of BUNCOMBE. No error in the trial; remanded for judgment on the verdict.

This is a criminal action in which the defendant, Gus Colin Langley, was tried on an indictment, which is as follows:

"The jurors for the State, upon their oath, present: That Gus Colin Langley, late of Buncombe County, on 19 December, 1932, with force and arms, at and in said county, did unlawfully and wilfully and feloniously, of his malice aforethought, with premeditation and deliberation, kill and murder one Lonnie G. Russell, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

The verdict returned by the jury at the trial is that the defendant is guilty of murder in the first degree. The verdict is so recorded in the minutes of the court. The judgment in the action as shown by the record is as follows:

"Gus Colin Langley, you have been indicted, tried and convicted by a jury of your. county of the murder of Lonnie G. Russell. The law prescribes that the punishment for your crime is death. The judgment of the court, therefore, is that you be remanded to the common jail of Buncombe County, there to remain until the adjournment of this court, and upon the adjournment of this court,

It is ordered that you be conveyed by the high sheriff of said county of Buncombe to the penitentiary of the State of North Carolina, and by him delivered to the warden of said penitentiary;

And it is further ordered and adjudged that you remain in the custody of said warden until Friday, 10 February, 1933, and that on said day, between the hours of ten o'clock in the forenoon, and three o'clock in the afternoon, you be taken by the said warden to the place of execution in said penitentiary;

And it is further ordered and adjudged that the said warden then and there cause a current of electricity of sufficient intensity and voltage to cause death, to pass into and through your body until you are dead, and may God have mercy on your soul.

P. A. McElroy, *Judge Presiding.*"

The defendant excepted to the judgment and appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Styles & Styles for defendant.*

Connor, J. The evidence offered by the State at the trial of this action was admitted without objection by the defendant. This evidence showed that Lonnie G. Russell was shot and fatally wounded at his filling station in the city of Asheville, N. C., between the hours of 7 and 9 o'clock, on Tuesday night, 27 September, 1932; that he ran out of the filling station, calling to the driver of a passing automobile, that he had been shot; that he got into the automobile, saying to the driver: "Go slowly by the filling station, and see if you can see those men who tried to rob me." The driver of the automobile took the wounded man to the Mission Hospital, in the city of Asheville, where he died at about 8:50 o'clock that night. His death was caused by an internal hemorrhage, which resulted from a gun shot wound. He was in a dying condition when he reached the hospital.

This evidence was sufficient to support the contention of the State that the homicide was murder in the first degree as defined by the statute. C. S., 4200. If believed by the jury, it showed that the homicide was committed with a deadly weapon, to wit: a gun. It further showed that the murder was committed in the perpetration, or in the attempt to perpetrate a robbery. *S. v. Lane,* 166 N. C., 333, 81 S. E., 620. The credibility of the evidence, and its probative effect to sustain the contention of the State, were, of course, for the jury to determine.

The evidence offered by the State, in support of its contention that the defendant is the man who shot and killed Lonnie G. Russell, at his filling station in the city of Asheville, on the night of 27 September, 1932, was sharply contradicted by the evidence offered by the defendant.

The defendant was in Asheville on Monday, 26 September, 1932. He was arrested in Wilmington, N. C., on the following Saturday morning, and was brought by the officers who arrested him to Asheville, where he was confined in jail until the December Term, 1932, of the Superior Court of Buncombe County.

A witness for the State testified that he was confined in the jail at Asheville with the defendant for about two weeks during the month of November; that during this time, the defendant talked constantly about the killing of Lonnie G. Russell, and said that the officers of Buncombe County were too dumb to catch any one; and that he was the man who shot Russell at his filling station, in Asheville, on Tuesday night, 27 September, 1932, but that he would have witnesses at his trial who would testify that he was in Wilmington at the time of the shooting. There was evidence tending to show that this witness, although he had been confined in jail under a criminal charge, is a man of good character, at least for truth and honesty. There was also evidence tending to corroborate his testimony.

The evidence offered by the defendant tended to show that he, with a companion, left Asheville during the morning of Monday, 26 September, 1932, in an automobile, and that they arrived in Wilmington, N. C., on Tuesday, 27 September, 1932, at about 1:30 o'clock, p.m., and that defendant was not, therefore, in Asheville on Tuesday night, 27 September, 1932, as contended by the State. The testimony of the defendant to this effect, was corroborated by the testimony of many witnesses who reside in Wilmington or its vicinity.

The conflicting evidence with respect to the guilt of the defendant as charged in the indictment, was properly submitted to the jury. There was no error in the refusal of the court to dismiss the action by judgment as of nonsuit at the close of all the evidence. The testimony of the witness for the State that the defendant told the witness in the jail at Asheville that he shot Lonnie G. Russell, and the statement of the

deceased to the driver of the automobile, that the men who shot him were trying to rob him, were sufficient as evidence to support the contention of the State that the defendant is guilty of murder in the first degree, as defined by the statute. C. S., 4200. No objection to this evidence was made by the defendant during the trial. There is no assignment of error in defendant's appeal to this Court based upon exceptions to the admission of this evidence. There was no error in its admission.

Nor was there error in the charge of the court to the jury. The jurors were properly instructed by the court with respect to the verdict, which they should return upon the facts as they might find them to be from the evidence. The charge was full, fair and correct. The verdict as returned by the jury, and as recorded in the minutes of the trial court cannot be set aside or disturbed by this Court. It must stand as returned by the jury and as recorded in the minutes of the trial court. *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

There is error, however, in the form of the judgment in this action. It does not appear on the face of the judgment that the defendant has been convicted of a crime which is punishable by death, under the law of this State. It appears only that the defendant has been convicted of murder. It does not appear that he has been convicted of murder in the first degree. The crime of murder in the first degree is punishable by death, while all other kinds of murder are punishable by imprisonment in the State's prison. C. S., 4200. The judgment appearing in the record is not sufficient to justify the execution of the defendant by the warden of the State's prison. It should appear on the face of the judgment, which is alone certified to the warden that defendant has been convicted of a capital felony. C. S., 4658, 4659, 4660.

The action must be remanded to the Superior Court of Buncombe County, to the end that a proper judgment on the verdict as returned by the jury, and as recorded in the minutes of the trial court, may be rendered. See *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402. It is so ordered.

Remanded.