STATE v. BENNY MONTGOMERY.

(Filed 18 December, 1946.)

**1. Homicide § 25—**

Evidence tending to show the commission of murder in the perpetration of a robbery and identifying defendant as the perpetrator of the crime is sufficient to be submitted to the jury on capital charge of murder in the first degree, and defendant's motion for judgment as of nonsuit was properly denied.

**2. Criminal Law § 78c—**

Where there is no valid objection to the evidence taken by defendant during the trial and no assignment of error based upon the admission or exclusion of the evidence, it will be deemed that no error was committed in the taking of the evidence.

**3. Same—**

Where there is no assignment of error to the charge, it will be deemed that the charge was without error.

**4. Criminal Law § 61b—**

Where the judgment upon a verdict of guilty of murder in the first degree states that the defendant had been convicted of murder, the cause must be remanded in order that it appear on the face of the judgment that the conviction was for murder in the first degree, since the judgment alone is certified to the warden of the State Penitentiary. G. S., 14-17; G. S., 15-188; G. S., 15-189; G. S., 15-190.

APPEAL by defendant from *Armstrong, J.,* at August Term, 1946, of UNION. No error in the trial; remanded for judgment on the verdict.

Criminal prosecution on indictment charging the defendant with the murder of one William Marvin Mangum.

The verdict returned by the jury at the trial is that the defendant Benny Montgomery is "guilty of murder in the first degree."

The judgment in the action as shown by the record is as follows: "Benny Montgomery, you have been indicted, tried and convicted by a jury of your county of the murder of one William Marvin Mangum. The law prescribes, in General Statutes of North Carolina, Section 14-17,

that the punishment for your crime is death. The judgment of the Court, therefore, is that you be remanded to the common jail of Union County and there remain until the adjournment of this Court.

"It is ordered that you be conveyed by the High Sheriff of Union County to the penitentiary of the State of North Carolina, at Raleigh, North Carolina, and by such sheriff be delivered to the warden of said penitentiary; and it is further ordered and adjudged and decreed that you remain in the custody of said warden until Friday, the fifteenth day of November, 1946, and that on said day and between the hours of ten in the forenoon and three o'clock in the afternoon that you be taken by the said warden to the place provided for execution in said penitentiary; and it is further adjudged that the said warden (deputy warden, or such other person as may be designated according to law), then and there take you, the said Benny Montgomery, into the permanent death chamber which has been provided in said penitentiary and there and therein cause you to inhale lethal gas of sufficient quantity to cause death, to be administered to you, and to continue said inhaling of said lethal gas by you until you are dead; and may God have mercy on your soul.

"This the 22nd day of August, 1946.

FRANK M. ARMSTRONG, Judge presiding."

The defendant excepted to the judgment and appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Coble Funderburk for defendant, appellant.*

SCHENCK, J. The evidence offered by the State at the trial of this action was admitted without prejudicial error. This evidence tended to show that William Marvin Mangum was stabbed and fatally wounded on the highway in Union County, on 1 June, 1946, at approximately eleven o'clock a.m., and while returning to his home from delivering milk in Monroe, North Carolina, and while he was on the dirt road to his own house, a little less than a quarter mile from his home, was killed by being stabbed with some sharp instrument, so that he bled to death. His pocketbook, containing $84.87, was missing. The defendant Benny Montgomery was indicted for the crime of murder in the first degree and was tried at the August Criminal Term of the Superior Court of Union County on said indictment. The jury returned a verdict of guilty of murder in the first degree, and, from judgment of death pronounced thereon, the defendant appealed to the Supreme Court.

There are five exceptive assignments of error in the record, namely: (1) To the court's overruling of the defendant's demurrer to the State's

evidence as to the capital crime; (2) To the court's overruling defendant's motion for a judgment as of nonsuit at the close of the State's evidence; (3) To the court's overruling defendant's motion for judgment as of nonsuit at the close of all the evidence; (4) To the court's overruling defendant's motion to set aside the verdict and order a new trial; (5) To the court's pronouncing judgment as set forth in the record.

The evidence was sufficient to sustain the indictment and the verdict of "guilty of murder in the first degree." The credibility of the witnesses and the probative effect of the evidence were for the determination of the jury.

The evidence offered by the State supports the contention that the defendant is the man who stabbed and fatally wounded William Marvin Mangum on the 1st day of June, 1946. It is in evidence that the defendant admitted he had stabbed the deceased with a knife. There was no error in the refusal of the court to dismiss the action as in case of nonsuit at the close of the State's evidence. The defendant offered none. No valid objection to the evidence was made by the defendant during the trial and there was no assignment of error in the defendant's appeal to this Court based upon the admission or rejection of evidence. Therefore, it is taken that no error was committed in the taking of the evidence, nor was there any assignment of error in the charge of the court to the jury. Therefore, it is taken that the jury was properly instructed by the court in respect to the verdict which they should return upon the facts as they might find them to be from the evidence. The charge was full, fair and correct. The verdict as returned by the jury cannot be set aside or disturbed by this Court; it must stand as returned. *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

There is error, however, in the form of the judgment in this action. It does not appear on the face of the judgment that the defendant has been convicted of a crime which is punishable by death under the law of this State. It appears only that the defendant has been convicted of murder. It does not appear that he has been convicted of murder in the first degree. The crime of murder in the first degree is punishable by death, while all other kinds of murder are punishable by imprisonment in the State's Prison. G. S., 14-17. The judgment appearing in the record is not sufficient to justify the execution of the defendant by the warden of the State's Prison. It should appear on the face of the judgment, which is alone certified to the warden, that defendant has been convicted of a capital felony. G. S., 15-188; G. S., 15-189; G. S., 15-190.

The action must be remanded to the Superior Court of Union County, to the end that a proper judgment on the verdict as returned by the jury, may be rendered. *S. v. Langley,* 204 N. C., 687, 169 S. E., 405. It is so ordered.

Remanded.